THE STATE EX REL. GAY, APPELLEE, *v.* MIHM, ADMR., ET AL., APPELLANTS.

[Cite as *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315.]

(No. 92–2560—Submitted November 10, 1993—Decided February 16, 1994.)

318

*Krondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Lane N. Cohen,* for appellee.

*Lee Fisher,* Attorney General, *Cordelia A. Glenn, Dennis L. Hufstader* and *Gloria P. Castrodale,* Assistant Attorneys General, for appellants.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging affirmance for *amicus curiae,* Ohio Academy of Trial Lawyers.

---

DOUGLAS, J.   This appeal presents two issues for our consideration.   The first issue is whether the commission's order denying appellee's claim for permanent total disability compensation satisfies the requirements of *Noll, supra.*   The second issue is whether the court of appeals abused its discretion by ordering the commission to enter a finding that appellee is permanently and totally disabled. For the reasons that follow, we affirm the judgment of the court of appeals in all respects.

At the outset it should be noted that some of the verbiage found in our recitation of the facts and in various documents and reports which are all part of this case do not, for even one moment, indicate or imply that appellee is any less a valued human being than *any* other person.   The tests given, the conclusions and reports drawn therefrom, and our discussions of all these matters are all done with utmost respect and in good faith and are not meant by any person playing a part in this case to be, in any way, demeaning.   In addition, we reaffirm our respect for the commission, its members and its staff for the difficult, never-ending and often unappreciated work which it performs.   Our policy will continue to be restrained, but not absolute, deference to the commission.

The history of our seemingly constant battle to have the commission explain the reasoning for its decisions is long and storied.   We have repeatedly emphasized our frustration with vague commission orders and, today, our frustration continues.   Again, as in the past, we reiterate that the commission must prepare fact-specific orders justifying its decisions granting or denying requested benefits.   The commission's order in this case does not satisfy the requirements of *Noll, supra,* or any of our decisions predating or postdating *Noll.*

In *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483–484, 6 OBR 531, 533–534, 453 N.E.2d 721, 724–725, this court held that:

" [W]e will, when necessary, henceforth grant a writ of mandamus directing the commission to specify the basis of its decision.   Cf. *State, ex rel. Cox, v. Indus. Comm.* (1981), 67 Ohio St.2d 235 [21 O.O.3d 147, 423 N.E.2d 441]; *State, ex rel. GF Business Equipment, Inc. v. Indus. Comm.* (1982), 2 Ohio St.3d 86 [2 OBR 639, 443 N.E.2d 147].   In other words, district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to

the benefits requested. Moreover, this court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision.

" * * *

"We take this step, first and foremost, because the duty to so specify the basis for its decision is imposed upon the commission by statute. * * *

"Secondly, a decision of a district hearing officer, a regional board of review, or the commission which specifically sets forth the basis for the decision will enable this court, as well as the Court of Appeals for Franklin County, to readily discern the specific grounds relied upon and whether the record supports such a finding when a party to the proceeding initiates an action for a writ of mandamus. Our task will be eased by a succinct statement setting forth only that evidence relied upon in reaching a decision and why the claimant was granted or denied requested benefits. In addition, and equally as important, those parties precluded from perfecting an appeal in accordance with R.C. 4123.519 will be better advised as to why a particular decision was reached."

Therefore, *Mitchell* clearly requires that the commission specify, in each case, the evidence upon which it relies, and further requires that the commission explain why the claimant is or is not entitled to the benefits requested.

In *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 173, 31 OBR 369, 374, 509 N.E.2d 946, 951, we held that the commission must " * * * look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability." We reached this conclusion because it is the commission's duty to evaluate the evidence of the claimant's ability to continue to work. *Id.* at 170, 31 OBR at 372, 509 N.E.2d at 949–950. A thorough consideration of the *Stephenson* factors is indispensable to the determination of permanent total disability, where a claimant's medical capacity to do work is not dispositive and the claimant's nonmedical disability factors indicate that the claimant cannot realistically return to the job market. See *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 346. In *Stephenson*, we found no indication that the nonmedical disability factors were considered by the commission and, accordingly, we remanded the cause to the commission for consideration of those factors and (citing *Mitchell*) for an amended order stating the commission's findings after such factors were considered. *Id.*, 31 Ohio St.3d at 173, 31 OBR at 374–375, 509 N.E.2d at 951. Obviously, we remanded the cause in *Stephenson* for an amended order wherein the commission would consider the nonmedical disability factors and briefly explain, in accordance with *Mitchell*, how those factors justified the commission's ultimate determination granting or denying benefits.

Nevertheless, following *Mitchell* and *Stephenson*, the problem with vague commission orders persisted. In *Noll, supra*, syllabus, we held that: "In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." In *Noll*, we found that a boilerplate incantation that the *Stephenson* factors were considered was not enough to satisfy *Mitchell, Stephenson*, or any of our other cases addressing the duty of the commission to explain the basis for its decisions. *Id.*, 57 Ohio St.3d at 205, 567 N.E.2d at 248. *Noll* quite clearly stands for the proposition that the commission must explain, in its orders, how the *Stephenson* factors, if pertinent, support the commission's determination granting or denying the requested benefits.

The commission's order in this case does not adequately explain how the *Stephenson* factors were considered, so as to support the commission's decision denying permanent total disability compensation. In its order, the commission states: "Claimant is 61 years of age and has a 9th grade education. He has worked for the water department for 29 years rising to the position of maintenance crew leader, indicating supervisory potential. Dr. Amendt * * * states that claimant is capable of sedentary work and has [a] 38% * * * [permanent partial disability]. Based upon the above cited factors claimant is found not to be * * * [permanently totally disabled]." This order is no better than the boilerplate order rejected in *Noll*. In fact, in *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 458, 619 N.E.2d 1018, 1022, we recently rejected a similar order, finding that that order did not satisfy the requirements of *Noll*.

In the case at bar, the determination whether appellee is permanently and totally disabled hinges upon a consideration of appellee's nonmedical disability factors. The medical evidence relied upon by the commission indicates that appellee is incapable of returning to his former job duties, but that he is *medically* capable of returning to some sustained remunerative employment of a strictly sedentary nature. However, we again reiterate that a claimant's *medical* capacity to work is not dispositive if the claimant's age, experience, education, etc., foreclose the claimant's employability. See *State ex rel. Lawrence, supra*. Therefore, to adequately justify its decision denying appellee's claim for permanent total disability compensation, the commission, in its order, would need to explain how it is that a sixty-one-year-old medically impaired claimant with a ninth grade education, who has worked as a construction laborer his entire life, who has absolutely no special training or vocational skills, and who has a severely limited vocational aptitude, can realistically return to the job market to do work of a strictly sedentary nature.

Having found that the commission's order violates *Mitchell* and its progeny, we must now determine whether the court of appeals abused its discretion by ordering the commission to enter a finding that appellee is permanently and totally disabled.

Traditionally, in cases involving *Noll* noncompliance, the cause is returned to the commission for further consideration and amended order. However, in this case, the court of appeals determined that no useful purpose would be served by "remanding" the cause to the commission to justify a decision that the appellate court apparently believed could not possibly be justified. Therefore, rather than returning the cause to the commission for compliance with *Noll*, the court of appeals simply ordered the commission to enter a finding that appellee is permanently and totally disabled. We now find (and we recognize that this is a departure from past practice) no abuse of discretion in this regard.

Commission decisions granting or denying requested benefits are generally not to be disturbed in a mandamus action where there is "some evidence" appearing in the commission's order which supports the decision, and where the order otherwise complies with *Mitchell* and its progeny. However, we note that any medical evidence relied upon by the commission in denying an application for permanent total disability compensation does not constitute "some evidence" supporting the commission's decision unless and until that evidence is considered in light of the *Stephenson* factors. In other words, any evidence relied upon by the commission in denying an application for permanent total disability compensation must be considered in light of the *Stephenson* factors before it can become "some evidence" which would support the commission's decision. Here, the commission cited *no evidence* to support its apparent conclusion that appellee's nonmedical disability factors are work-amenable, and *all the evidence* which appears in the record indicates that the factors are not vocationally favorable. Realizing this, the court of appeals ordered the commission to do that which should have been done in the first instance, to wit: for the commission to find that appellee is permanently and totally disabled.

It has been argued (albeit unpersuasively) that the nonmedical disability factors cited by the commission could be considered, in some manner, so as to support the commission's decision denying permanent total disability compensation. In this regard, appellants urge that the court of appeals erred in granting the requested writ. While we believe that the commission is entitled to deference in its application of the *Stephenson* factors, we find no evidence in the commission's order which would support the conclusion that appellee's nonmedical disability factors are vocationally favorable. Furthermore, even if the nonmedical disability factors cited by the commission could be interpreted to support the commission's decision, "some evidence" is not a mere "scintilla" or "shred" of

evidence. Applying the factors cited by the commission to deny permanent total disability compensation crosses the line from questionable to ludicrous. There comes a point in time when, in light of the overwhelming evidence, the courts must say, "enough is enough." That time has arrived, we have had enough, and so, too, did the court of appeals. The facts of this case are clear. Appellee is currently sixty-four years of age. He has been employed as a construction laborer throughout his entire working life. He is medically incapable of returning to work as a construction laborer. He has a limited educational background and a proved inability to develop the skills necessary to perform any other type of employment. What more did (or would) this particular claimant have to do to prove to the commission that he is permanently and totally disabled? Given the record in this case, what purpose could possibly be served by returning this cause to the commission for it to attempt to justify the position that appellee is *not* permanently and totally disabled? We agree with the court of appeals that returning this matter to the commission for an amended order would be an exercise in futility. Under these circumstances, we believe that the court of appeals was correct to issue the writ ordering that the commission enter a finding that appellee is permanently and totally disabled.

In any event, despite appellants' protestations, we will not allow our creation of the "some evidence" rule, or our tradition of returning causes to the commission for *Noll* compliance, to box us (or any other appellate court) into the position of being unable to correct unreasonable commission decisions like the one involved in this case. The courts in this state are charged with the responsibility to administer justice without denial or delay, and we will simply not allow the Industrial Commission to continue to operate in the manner demonstrated in this case. Although, for now, we continue to adhere to the "some evidence" rule, we note that that rule is not carved in stone. Accordingly, in a workers' compensation case involving permanent total disability, where the facts of the case indicate that there is a substantial likelihood that a claimant is permanently and totally disabled, courts are not and will not be precluded from ordering the Industrial Commission, in a mandamus action, to award permanent total disability benefits notwithstanding the so-called "some evidence" rule.

We admonish the commission that it must make significant efforts to comply with our decisions or, in the future, we may reconsider our position on the "some evidence" rule and, however difficult it may be, take other (more intrusive) measures to ensure that justice is done at the commission level.

For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

A.W. SWEENEY, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., concur separately.

MOYER, C.J., concurring separately. I concur in the majority's conclusion that the Industrial Commission abused its discretion. However,. because I believe we should not create a new test for determining whether the Industrial Commission has abused its discretion in issuing permanent total disability orders, I dissent from the syllabus and the language in the opinion supporting the syllabus.

Unquestionably, the commission's order failed to properly apply the factors enunciated in *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, to the evidence in the record. When the *Stephenson* factors are combined with even the one medical report herein indicating claimant is less than permanently and totally disabled, there is not some evidence to support the commission's order.

The court of appeals correctly observed that the commission's order does not contain an adequate explanation of how the nonmedical disability factors justify the commission's conclusion that the claimant is not permanently and totally disabled, as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Rather than decide this case on the some evidence rule, which is currently and has been intermittently the standard announced by this court, the majority opinion introduces a new standard for the review of permanent total disability orders. The majority says that: "[W]here the facts of the case indicate that there is a substantial likelihood that the claimant is permanently and totally disabled, courts are not and will not be precluded from ordering the Industrial Commission, in a mandamus action, to award permanent total disability benefits notwithstanding the so-called 'some evidence' rule." Our frustration with the commission's inability to follow *Noll* and *Stephenson* in some percentage of its cases, in my opinion, does not warrant the creation of a new rule of appellate review. What does "substantial likelihood" mean—are we rejecting the some evidence rule? Which standard is to be applied by the court of appeals and by this court? How do the standards relate to each other?

The some evidence rule works. The court of appeals applied it and produced the correct result in this case. If we affirm the court of appeals, it will receive clear direction from this court that it may enter a similar decision in subsequent cases where such a decision is appropriate.

For the foregoing reasons, I would affirm the judgment of the court of appeals for the reasons stated in its opinion.

WRIGHT, J., concurs in the foregoing concurring opinion.