OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Soto, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. Soto v. Indus. Comm. (1994),      Ohio St.3d    .]

Workers' compensation -- Application for permanent total disability compensation -- Denial of application by Industrial Commission -- Court not precluded from ordering commission, in mandamus action, to award permanent total disability benefits, when.

(No. 93-956 -- Submitted March 1, 1994 -- Decided April 27, 1994.)

Appeal from the Court of Appeals for Franklin County, 92AP-754.

Appellant-claimant, Antonio Soto, sustained six industrial injuries in the course of and arising from his employment as a refuse collector for appellee city of Lorain. The last injury was the most severe and was allowed for "torn rotator cuff right shoulder."

In 1988, claimant moved appellee Industrial Commission of Ohio for permanent total disability compensation. Attending physician, Barry A. Lampl, found claimant incapable of sustained remunerative employment. Vocational consultant, William L. Fink, reported that claimant was sixty-seven years old with a very limited command of English and six or seven years of Puerto Rican schooling. Fink also wrote:

"By history, this man is a very basic unskilled manual laborer. He not only does not have any significant work skills, but has always held jobs requiring no less than medium level activity and also required heavy to very heavy exertional activity.

"The standards for assessing these levels of activity can be found in the Dictionary of Occupational Titles, (or D.O.T.) U.S. Department of Labor. Mr. Soto has absolutely no transferable skills that would relate to light or sedentary work. He has less than normal use of his right shoulder and arm, and no industrial type manual functions can be performed with the right, or dominant arm, when the shoulder is impaired. He certainly cannot work at any verbal oriented job

due to his poor English and his English reading capabilities are all but nonexistent.  He has no history of ever having performed any highly complex work tasks and at his age he is not capable of learning such tasks.

"* * *

"Dr. McCloud also noted in his report that Mr. Soto would have restrictions against activities that were done much above waist or table level, so this would eliminate jobs that required bending or reaching.  My opinion is that he would have difficulty working at bench level as even bench work requires some reaching.  Mr. Soto's complaints of shoulder pain would also prevent his getting full use from his right hand.  He has no skills which would permit him to work only using his nondominant, or left, hand and arm.

"Thus, it is my opinion that Mr. Soto is permanently and totally disabled from a vocational point of view. * * *" (Emphasis sic.)

Commission specialist Dr. W. Jerry McCloud, referred to in Fink's report, examined claimant and concluded:

"In summary, this individual does have loss of shoulder motion as described and in regard to any potential orthopedic abnormality, I think that constitutes his primary source of loss of function * * * .  I think he would have restriction against activities that were done much above waist or table level, but on the basis of the remainder of his evaluation, I do not think other restrictions would be necessary. These restrictions would preclude his work activities in refuse collection which he enjoyed at the time of the 1983 injury.

"It is my opinion that Mr. Soto does not present with medical evidence consistent with considering him permanently and totally impaired.  He is capable of sustained, remunerative employment.  The same evidence would indicate that he is not capable of his 1983 work activities and it is fair to estimate that he would be permanently unable to pursue those activities.  The changes are permanent and he has reached a maximum level of improvement and as now seen, demonstrates a permanent partial impairment of an estimated 40% of the body as a whole and some of this estimation includes his subjective responses."

On October 23, 1990, the commission denied permanent total disability compensation in a standard boilerplate order. Claimant successfully moved for reconsideration, but was ultimately denied permanent total disability compensation again in an order that read:

"The medical reports of Drs. Lampl, Fink, and McCloud were reviewed and evaluated.  The findings and order are based particularly on the medical report of Dr. McCloud, the evidence in the file and the evidence adduced at hearing.

"Claimant is 68 years old, has a 6th or 7th grade education, and has a work history of assembly line worker and truck driver including garbage truck driver.  The medical report of Dr. W. Jerry McCloud found claimant to be 40% impaired from the allowed injuries, taking into account all six claims, but that claimant is capable of sustained remunerative employment.  Claimant is literate in Spanish but not in English.  Taking into account all these factors, claimant is found to be not permanently and totally disabled."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission improperly denied him permanent total disability compensation. The appellate court held that the order did not satisfy State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, issued a limited writ and returned the cause for further consideration and an amended order.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Hahn, Swadey & Pollock and Victor Hahn, for appellant.

Lee I. Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

Michael J. Scherach, Law Director, and Robert J. Gargasz, Assistant Law Director, for appellee city of Lorain.

Per Curiam. The commission concedes that its order does not adequately explain its reasoning, contrary to Noll, supra. We must decide whether to: (1) return the cause for further Noll proceedings or (2) issue a writ compelling a permanent total disability compensation award pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Upon review, we elect the latter option.

Gay dispenses with commission "remand" in those situations where the commission's result simply cannot be justified by any evidence of record. In this case, claimant, at best, is limited to work that does not entail lifting his right arm above his waist. While this may be consistent with sedentary employment, claimant's English illiteracy, lack of schooling and history of heavy labor are irreconcilable with opportunities of that type. As was the case in Gay, "[a]pplying the factors cited by the commission to deny permanent total disability compensation crosses the line from questionable to ludicrous." Id. at 323, 626 N.E.2d at 672.

Accordingly, the judgment of the court of appeals is reversed and the writ of mandamus is allowed.

Judgment reversed
and writ allowed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents and would reverse on authority of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Wright, J., dissents for the reasons stated in the Chief Justice's concurring opinion in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.