OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Jarrett, Appellee and Cross-Appellant, v.
Industrial Commission of Ohio et al., Appellants and
Cross-Appellees.
[Cite as State ex rel. Jarrett v. Indus. Comm. (1994),
Ohio St.3d      .]
Workers' compensation -- Application for permanent total
     disability compensation -- Industrial Commission abuses
     its discretion in denying permanent total disability
     compensation, when.
     (No. 93-868 -- Submitted February 22, 1994 -- Decided
April 27, 1994.
     Appeals and Cross-Appeal from the Court of Appeals for
Franklin County, No. 91AP-1424.
     Claimant Charles E. Jarrett, appellee and cross-appellant,
sustained a low-back injury in the course of and arising from
his employment with Amcast Industrial Corporation, appellant
and cross-appellee.  In 1989, claimant moved the Industrial
Commission of Ohio, appellant and cross-appellee, for permanent
total disability compensation.  Claimant's attending
chiropractor, Dr. R.E. Thompson, certified permanent total
disability.  The balance of the medical evidence found claimant
capable of sedentary employment.  Both commission doctors also
commented on the presence of a psychiatric component that
contributed to claimant's overall problems.
     On December 18, 1989, claimant moved for the additional
allowance of a psychiatric condition.  The commission has not
yet ruled on that motion.
     On October 2, 1990, the commission's rehabilitation
division closed claimant's file after concluding that:
     "* * * Mr. Jarrett lacks sufficient potential for
reemployment to warrant services.  Factors considered in this
decision include:
     "1) Age,
     "2) Education deficit (grade 6),
     "3) Negative recommendation for comprehensive services by
Dr. Sam Colachis, M.D.[,]
     "4) Performance on selected vocational subtests:
     " - Below average for all 10 major worker characteristics

" - Spelling below grade 3
" - Arithmetic below grade 3
" - Reading not reported
" - Very poor performance on all work samples[,]
"5) Narrow range of vocational experience (cleaner/machine operator for 25 years),
"6) Lack of transferable skills,
"7) Absolute lack of identified areas of potential occupation,
"8) Geographic location (Lawrence County).
"Mr. Jarrett is probably capable of sustained light employment, but his vocational profile is very poor. He lacks the aptitudes and abilities necessary to sustain employment compatible with his physical limitations."

The commission denied permanent total disability, writing:

"The reports of Drs. Thompson, Kackley and Hutchison were reviewed and evaluated. This order is based particularly upon the reports of Drs. Kackley and Hutchison, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing.

"It is noted that claimant is age 54, with a 6th grade education (with several grades failed) and a work history as a machine operator, a truck driver and at various gasoline stations. While the report of the Rehab Division is noted, it is also noted that Dr. Kackley * * * (25-30% ppi) and Dr. Hutchison (30% ppi) both felt that claimant would be physically capable of light and sedentary work. In light of all these factors, it is found that claimant is not permanently and totally disabled due to the allowed conditions in this claim."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, asserting that the commission abused its discretion in denying permanent total disability compensation. The appellate court held that the commission's order did not satisfy State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and returned the cause for further consideration and an amended order.

This cause is now before this court upon appeals and a cross-appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellee and cross-appellant.
Lee I. Fisher, Attorney General, Merl H. Wayman and Richard A. Hernandez, Assistant Attorneys General, for appellant and cross-appellee Industrial Commission.
Bricker & Eckler, Charles D. Smith and Sarah J. DeBruin, for appellant and cross-appellee Amcast Industrial Corp.

Per Curiam. Claimant seeks a writ of mandamus to compel an award of permanent total disability compensation. See State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission and employer seek reinstatement of the commission's order. For the reasons to follow, we affirm the judgment below.

We find initially that the commission's order violates

Noll.  Claimant has a fairly low physical impairment and is relatively young - - factors that militate against permanent total disability.  The commission's order, however, also lists claimant's extremely limited education and unskilled work history as factors that purportedly support its decision.  The commission's order does not explain how these factors combine to produce a claimant who can do other work.  As the appellate court referee aptly observed:

"[T]here is no language in the commission's order which constitutes an explanation within the meaning of Noll because there is no connection between the evidence listed and the ultimate conclusion."

Having found Noll noncompliance, we must determine whether to issue relief consistent with Noll or Gay.  Given the pendency of claimant's motion for psychiatric allowance, we find the latter relief to be premature, since the commission may render a different decision if the psychiatric condition becomes an allowed part of the claim.

We also note that, contrary to claimant's assertion, claimant's psychiatric condition, if denied, cannot be considered in a determination of claimant's entitlement to permanent total disability compensation.  State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452, 619 N.E. 2d 1018.  Likewise, claimant's contention that his due-process rights were violated by a lack of written commission permanent total disability guidelines was previously rejected in State ex rel. Blake v. Indus. Comm. (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.

The cause is therefore returned to the commission for resolution of claimant's motion for additional psychiatric allowance.  Once that is determined, the commission is to reconsider claimant's application for permanent total disability compensation and issue an amended order that satisfies Noll.

The appellate court's judgment is hereby affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick and Pfeifer, JJ., concur.

F.E. Sweeney, J., dissents and would reverse on authority of State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.