THE STATE EX REL. SOTO, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Soto v. Indus. Comm.* (1994), 69 Ohio St.3d 146.]

(No. 93–956—Submitted March 1, 1994—Decided April 27, 1994.)

148

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy;* *Hahn, Swadey & Pollock* and *Victor Hahn,* for appellant.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Michael J. Scherach,* Law Director, and *Robert J. Gargasz,* Assistant Law Director, for appellee city of Lorain.

*Per Curiam.* The commission concedes that its order does not adequately explain its reasoning, contrary to *Noll, supra.* We must decide whether to: (1) return the cause for further *Noll* proceedings or (2) issue a writ compelling a permanent total disability compensation award pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Upon review, we elect the latter option.

*Gay* dispenses with commission "remand" in those situations where the commission's result simply cannot be justified by any evidence of record. In this case, claimant, at best, is limited to work that does not entail lifting his right arm above his waist. While this may be consistent with sedentary employment, claimant's English illiteracy, lack of schooling and history of heavy labor are irreconcilable with opportunities of that type. As was the case in *Gay,* "[a]pplying the factors cited by the commission to deny permanent total disability compensation crosses the line from questionable to ludicrous." *Id.* at 323, 626 N.E.2d at 672.

Accordingly, the judgment of the court of appeals is reversed and the writ of mandamus is allowed.

*Judgment reversed*
*and writ allowed.*

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents and would reverse on authority of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Wright, J., dissents for the reasons stated in the Chief Justice's concurring opinion in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.