OPINIONS OF THE SUPREME COURT OF OHIO
          The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
          Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.
          NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State ex rel. Sebestyen, Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Sebestyen v. Indus. Comm. (1994), Ohio St.3d      .]
Workers' compensation -- Courts not precluded from ordering
     Industrial Commission, in mandamus action, to award
     permanent total disability benefits notwithstanding the
     so-called "some evidence" rule, when.
     (No. 93-1902 -- Submitted September 20, 1994 -- Decided November 23, 1994.)
          Appeal from the Court of Appeals for Franklin County, No. 92AP-705.
          Appellant-claimant, Steve Sebestyen, a lifelong cabinetmaker and carpenter, sustained three serious injuries to his left thumb and fingers while in the course of and arising from his employment with appellee Mihalek Millwork.  In late 1989, he moved appellee Industrial Commission of Ohio for permanent total disability compensation.
          Among other medical evidence presented was a report by Dr. W. Jerry McCloud, which stated the following:
          "This individual has lost function of his left thumb and index finger.  Obviously these are important appendages for anyone but especially so for a cabinet maker.  I do not think he would be capable of resuming those work activities as he would have restrictions against doing any work which required fine or manipulative activity using the thumb or index finger.  However, other than being 74 years old, the remainder of his well-being is without particular comment.
          "It is my opinion that this individual does not present with medical evidence consistent with considering him permanently and totally impaired.  He is capable of sustained, remunerative employment.  He is not capable of his 1981 work activities.  The changes are permanent and he has reached a level of maximum medical improvement and demonstrates a permanent partial impairment of an estimated 30% of the body as whole.  I do not think he would be a candidate for rehabilitation."
          Claimant submitted a vocational evaluation from William

Fink that stated in part:

"Mr. Sebestyen is an older worker and he was of advanced age at the time of his industrial injury. He has devoted his entire life to the upper level skills of the woodworking field, cabinet making. For all practical purposes Mr. Sebestyen is no longer functional in his craft as there simply are no one-handed cabinet makers in the field. There are no finish carpenters, carpenters or millwork artisans who do not have full and functional use of both hands.

"Mr. Sebestyen functioned well on his arrival to the United States. He had a prime skill and was well trained in Europe[;] thus, the language barrier did not interfere with his making a living. His training was strictly in a specialized area of wood working and his skills related only to his craft or trade[;] therefore, the loss of full use of his nondominant hand, especially the thumb and index finger, has removed him from his craft. Dr. McCloud's report specifically noted that Mr. Sebestyen cannot do his former work.

"Although Mr. Sebestyen was skilled his skills are manual skills and his impairment is such that he has no transferrable skills to any area of wood working or any other manual skill.

"Age must also be considered as a factor as well as his highly specialized apprentice training.

"Mr. Sebestyen said that he would work if he could. He has the mental capability of fabricating and installing cabinets and could do this work on his own if it weren't for his injury.

"My opinion is that Mr. Sebestyen's industrial injury has removed him from all sustained remunerative activity. Due to his age and lack of English verbal skills he would not be a viable candidate for vocational rehabilitation services."

The commission ultimately denied permanent total disability, writing:

"The medical report(s) of Dr.(s) McCloud and Keith, and the vocational evaluation of William L. Fink were reviewed and evaluated. The findings and order are based particularly on the medical report(s) of Dr.(s) McCloud, the evidence in the file and the evidence adduced at the hearing.

"Mr. Sebestyen is 76 years of age. He attended school through the 6th grade in his native Hungary and was then apprenticed in the woodworking trade. His entire occupational history is in cabinet making and finish carpentry. Mr. Sebestyen has not been employed since he was last injured, at age 66, in 1981. It is noted that English is Mr. Sebestyen's second language. However, he has lived in the United States for over forty years, and language, in and of itself, should not be a barrier to employment. Dr. McCloud, an orthopedist who examined Mr. Sebestyen for the Commission, reports a 30% permanent partial impairment of the body as a whole due to the industrial injury and opines that he is capable of sustained remunerative employment. In arriving at this opinion, Dr. McCloud takes into consideration Mr. Sebestyen's advanced age. Therefore, the Commission finds that Mr. Sebestyen is not permanently and totally disabled."

Claimant moved the Court of Appeals for Franklin County for a writ of mandamus to compel permanent total disability payment. The appellate court agreed that the order did not

satisfy State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, but refused to order the relief sought and instead ordered the commission to vacate its order and to issue a new order that complied with Noll.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Frank L. Gallucci, Jr. Co., L.P.A., and Frank Gallucci, for appellant.

Lee Fisher, Attorney General, Michael O'Grady and Diane M. Meftah, Assistant Attorneys General, for appellee Industrial Commission.

Per Curiam.  Claimant seeks to compel a permanent total disability award pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.  Preliminarily, however, claimant raises two related issues that can be quickly resolved.

First, the commission did not abuse its discretion in rendering its decision unaided by written guidelines.  State ex rel. Blake v. Indus. Comm. (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.  Second, the commission is not bound by the conclusions stated in the vocational report, since it is the ultimate adjudicator of both disability and evidentiary weight and credibility.  State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946; State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Preliminary to any consideration of Gay relief is a showing that the order's explanation did not satisfy Noll, supra.  That prerequisite is met here.

The commission, as was its prerogative, indicated that claimant's forty-year residency in the United States ameliorated the potential obstacle of English as claimant's second language.  However, comparable elaboration did not accompany the commission's reference to claimant's age, education or work history, all of which appear vocationally unfavorable.  The commission does not indicate how these elements combine to render claimant amenable to rehabilitation for other work.

We must now decide whether to order the commission to vacate its order and to issue a new order in compliance with Noll, or whether the evidence is clear enough that we may simply order the commission to allow compensation for permanent total disability, pursuant to Gay.  Before us is a claimant who was already of advanced years at the time of his injury and whose entire life has been spent as a skilled craftsman.  While an injury such as claimant's might have minimal effect on most other workers, skilled or unskilled, the impact on this claimant has been much more debilitating.  Given claimant's nonmedical background, we find Gay relief to be appropriate.

Accordingly, the judgment of the appellate court is reversed.  We order the commission to vacate its order and to issue an order finding claimant to be permanently and totally disabled.

                                        Judgment reversed
                                        and writ allowed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents.

Wright, J., dissents for the reasons stated in the Chief Justice's separate concurring opinion in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.