THE STATE EX REL. ALLEN, APPELLEE, *v.* CLEVELAND BOARD OF
EDUCATION; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Allen v. Cleveland Bd.
of Edn.* (1997), 79 Ohio St.3d 197.]

(No. 95–676—Submitted June 11, 1997—Decided July 16, 1997.)

*Mondello & Levey* and *Scott I. Levey,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Sandra L. Nimrick,* Assistant Attorney General, for appellant.

---

*Per Curiam.* Claimant successfully petitioned the court of appeals for a writ of mandamus to compel the continued award of permanent total disability compensation. Two propositions have been advanced by claimant to affirm the court of appeals' decision. Claimant first asserts that the commission's interlocutory award of permanent total disability compensation conclusively established her right to this compensation. Claimant next asserts entitlement to permanent total disability compensation under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We disagree with both propositions and reverse the judgment of the court of appeals.

The first issue was resolved in the commission's favor in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. There, we held that the commission did not abuse its discretion in refusing to extend permanent total disability compensation beyond the closed period of time specified in an interlocutory order. The issue is similarly resolved against claimant in this case.

Claimant's secondary assertion of an entitlement to compensation pursuant to *Gay* is also unpersuasive. While the commission's order is brief, it is apparent

that the commission inferred from Dr. Gordon's findings and his assessment of only a thirty-five percent permanent partial impairment that claimant was medically capable of some sustained remunerative employment. Moreover, although the commission did not specify the range of work of which it believed claimant capable, we find that even if claimant were limited to sedentary work, the commission did not abuse its discretion in finding such work to be within the retrainable capacities of a claimant with a Master's degree. Claimant's work history is similarly an asset. While age is an impediment to reemployment, claimant's education and work history distinguish her situation from those cases in which all of the claimant's nonmedical factors were so overwhelmingly negative as to compel but one result—the award of permanent total disability compensation. See, e.g., State ex rel. Soto v. Indus. Comm. (1994), 69 Ohio St.3d 146, 630 N.E.2d 714.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the judgment of the court of appeals.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.