Relator, Larry L. Green, Sr., commenced this original action requesting that this court issue a writ of mandamus which directs respondents, the Public Employees Retirement System and the Public Employees Retirement Board (collectively referred to as "PERS"), to grant his application for disability retirement or, alternatively, to issue a limited writ of mandamus directing PERS to issue a new decision specifically identifying the evidence relied upon and explaining its reasons for granting or denying relator's application.
Relator was employed by the Ohio Department of Rehabilitation and Corrections as Deputy Warden of Operations Special Services at the Hocking Correctional Facility. In July of 1994, while at work, relator suffered a branch retinal vein occlusion in his right eye. According to his doctors, the condition has caused relator to lose most of his sight in that eye. In 1996, relator applied for disability retirement with PERS, and by letter dated June 20, 1997, PERS denied relator's application. Relator subsequently appealed the denial of his application, and his appeal was similarly denied by letter dated January 23, 1998. Relator then filed the present mandamus action.
Relator first contends that PERS' decisions denying him disability retirement do not identify the evidence that PERS relied on and fail to explain the reasons for denying relator's application. In support of his contention, relator relies onState ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, which states that "[i]n any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." Id. at syllabus. The Noll requirement was implemented so that reviewing courts were apprised of the rationale for a decision, as well as the evidence relied on in reaching the decision. AsNoll explains:
 The time has come for the commission to recognize its responsibility to prepare fact-specific orders which will be meaningful upon review. It is well-settled that the commission has the exclusive authority to determine disputed facts and weight of the evidence. * * * However, a meaningful review can be accomplished only if the commission prepares orders on a case-by-case basis which are fact-specific and which contain reasons explaining its decisions. * * * Such order must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision. Noll, supra, at 206.
While Noll was a case involving the Industrial Commission and workers' compensation, this court has applied the rationale ofNoll the in other than the workers' compensation cases.
In State ex rel. Kidd v. Bd. of Trustees of Police Firemen's Disability Pension Fund (1991), 66 Ohio App.3d 647, this court also applied the Noll rationale to the Police and Firemen's Disability Pension Fund ("PFDPF") and noted that "although these two holdings [Noll, supra, and State ex rel.Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481] apply to the Industrial Commission, their principles are equally applicable to the decisions of the Fund's board. The issues upon which the Fund's board and the Industrial Commission determine the right of an individual to receive benefits and the extent to which the benefits will be given are similar and the standard of review of their decisions on review in mandamus are the same: an abuse of discretion. Thus, a meaningful review of the board's decisions can be accomplished only if the board prepares orders which specifically state the evidence that has been relied on and contain the reasoning explaining its decision. Accordingly, the Fund's board is required to state both the reasons for its decision and the evidence relied upon and to give an explanation of the reasoning behind its decision." Id. at 651-652.
Again, in State ex rel. Montague v. Police Firemen'sDisability Pension Fund (1992), 78 Ohio App.3d 661, this court applied the rationale behind Noll to decisions of the board of trustees of the PFDPF, finding no reason to not apply the Noll requirement to the decisions of the PFDPF board of trustees in granting or denying benefits. In Montague, this court granted a limited writ ordering PFDPF to state the basis and reasoning for its decision and the evidence relied upon. See, also, State ex rel. Lane v. Bd. of Trustees, Police andFiremen's Disability and Pension Fund (May 8, 1997), Franklin App. No. 96APD11-1494, unreported (1997 Opinions 1640) (granting a writ of mandamus ordering PFDPF to issue a new order granting or denying compensation that complies withNoll).
Similarly, this court finds no reason not to apply the reasoning of Noll and Montague to the decisions of PERS, especially given the applicable rules. Ohio Adm. Code 145-11-02
specifies that the board's denial of a disability benefit shall state "its basis of denial." Cf. Mitchell, supra, at 483 (stating that "we will, when necessary * * * grant a writ of mandamus directing the commission to specify the basis of itsdecision" [emphasis added].
Indeed, the two decisions in this case demonstrate the need to do so. PERS' first decision, dated June 20, 1997, states that "[b]ased on the information in the medical reports, the board has denied your application for a disability benefit because you are not permanently incapacitated from the performance of your job duties." In denying relator's appeal from that decision, and after noting receipt of relator's supplemental medical information, PERS simply wrote that "the Board sustained its previous action to deny the disability retirement application." The decisions provide no insight into the reason the decisions were resolved against relator or of what evidence was considered in making the decisions, thereby making a meaningful review of the decisions virtually impossible.
PERS contends relator's case is distinguishable fromNoll and Montague because the decisions in both of those cases determined a level of disability, while PERS decisions only determine whether a claimant is permanently incapacitated from performing his or her present job. However, if this court is to review a decision of PERS, as with a decision of the Industrial Commission or the PFDPF, for an abuse of discretion, it must be able to identify the reasoning of the decision and the evidence the board relied on in making that decision. PERS must comply with the dictates of Noll in an order granting or denying benefits.
Relator has also requested relief pursuant to State ex rel.Gay v. Mihm (1994), 68 Ohio St.3d 315. Gay relief allows this court to grant a full writ of mandamus to order the agency to award benefits where the evidence demonstrates a substantial likelihood that relator is entitled to an award and that no useful purpose would be served by remanding the case for a redetermination of the agency's decision. However, "Gay relief was intended as a narrow exception to the general rule of returning Noll-deficient orders to the commission." State exrel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373,376. (Emphasis sic.) Such relief "will be granted only in extraordinary circumstances revealing an abuse of discretion."Id. No such abuse of discretion exists if some evidence supports the decision.
Here, although the evidence was contradictory, some evidence supports PERS' decision to deny relator's application for benefits. Dr. Visocan examined relator and determined that he was not presumed to be physically incapacitated and should not be entitled to disability benefits. Two other physicians, Dr. Mast and Dr. Smith also recommended that relator's application for benefits be denied. As a result, Gay relief is inappropriate.
For the foregoing reasons, this court grants a limited writ of mandamus directing PERS to vacate its decision denying relator's application for disability retirement and to issue a new decision granting or denying relator's application, specifically identifying the evidence relied upon and explaining its reasons for its decision.
Limited writ granted.
BOWMAN, J., and LAZARUS, P.J., concur.