[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] IN MANDAMUS
 MEMORANDUM DECISION
Relator, Charles Brandenburg, commenced this original action seeking a writ of mandamus which orders respondent Industrial Commission of Ohio to vacate its order denying compensation for permanent total disability, and to issue an order granting such compensation.
Pursuant to Civ.R. 53 and Section M, Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. In her decision the magistrate concluded that the commission abused its discretion in relying on claimant's level of education and pre-injury temperament, given the nature of the injury and the medical reports reflecting claimant's borderline intelligence. Further, the magistrate concluded that the commission abused its discretion in relying on the vocational report of Vanessa Harris, as "claimant's aptitudes cannot be analyzed on the basis of his preinjury performance in work or school, at least without an explanation that justifies that analysis." (Magistrate's Decision p. 11.)
Further finding that the order does not comply with the principles articulated in State ex rel. Noll v. Indus. Comm.
(1991), 57 Ohio St.3d 203 and State ex rel. Stephenson v. Indus.Comm. (1987), 31 Ohio St.3d 167, the magistrate considered whether a writ is appropriate under State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. Concluding that claimant's profile was uniformly negative, the magistrate decided this court should issue a writ directing the commission to vacate its order and issue an order awarding permanent total disability compensation.
No objections have been filed to the magistrate's decision.
Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we find the commission's order does not comply with Noll and Stephenson, and therefore grant a writ directing the commission to vacate its order denying claimant's request for permanent total disability compensation. Further agreeing with the magistrate's decision that relief is warranted under Gay, supra, we issue an order directing the commission to award permanent total disability compensation to claimant.
Writ granted.
TYACK and DESHLER, JJ., concur.