[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 395.]

THE STATE EX REL. DURBEN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Durben v. Indus. Comm*., 2002-Ohio-891.]

*Workers' compensation—Claimant who leaves former position of employment for a new position does not forfeit temporary total disability compensation eligibility—Temporary total disability compensation ordered by Supreme Court in a manner consistent with State ex rel. Gay v. Mihm, when Industrial Commission has already ruled on the sufficiency of claimant's medical evidence and did so in claimant's favor.*

(No. 00-1736—Submitted September 18, 2001—Decided March 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1038.

————————————

*Per Curiam.*

{¶ 1} Appellant-claimant, David M. Durben, was industrially injured on January 18, 1999, while working for Ziegler Tire & Supply Company. Several days later, claimant attempted to work, but was unable to do so because of increasing back and leg pain. On January 22, claimant took a doctor's disability slip into work. According to claimant, his supervisor became irate, swore at him, and told him to leave. While claimant was recuperating, his supervisor called and told him to turn in his uniform and beeper.

{¶ 2} Claimant, at that point, was not sure if he still had a job at Ziegler. Therefore, when released to return to work on March 3, 1999, he took a job with a different employer. Claimant was unable to finish the day because of pain.

{¶ 3} Claimant sought temporary total disability compensation ("TTC") from appellee Industrial Commission of Ohio. A district hearing officer awarded TTC from January 21, 1999 through March 2, 1999, based on the February 15 and

March 22, 1999 C-84 Physician's Reports Supplemental of Dr. Terrance A. Migliore. TTC thereafter was denied because claimant "voluntarily resigned his employment with the named employer on 03/03/1999." That order was administratively affirmed.

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying TTC after March 3, 1999. The court of appeals denied the writ, based on case law that held that voluntary departure from the former position of employment barred TTC.

{¶ 5} This cause is now before this court upon an appeal as of right.

{¶ 6} After the court of appeals' decision in this case, we decided *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355. *Baker* changed TTC law by declaring that a voluntary departure from the former position of employment to another job did not foreclose compensation. Accordingly, our litigants do not dispute that claimant is eligible for TTC under *Baker* if all other requirements are met. See *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586 (setting forth criteria for TTC). The question in this case is whether TTC should be ordered by this court in a manner consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, or whether the cause should be returned to the commission for further consideration. In this instance, review favors the former.

{¶ 7} In many cases, a return will be the appropriate remedy. That is because, under prior law, a finding of voluntary retirement ended the inquiry, negating the need to evaluate the sufficiency of the medical evidence.

{¶ 8} In our case, however, the commission has already ruled on the sufficiency of the claimant's medical evidence—and did so in claimant's favor—when it awarded TTC from January 21, 1999 to March 2, 1999, based on Dr. Migliore's two C-84s, the later of which certified claimant as disabled until May

10, 1999. There is, moreover, no contrary medical evidence on file. Claimant has thus satisfied his medical burden of proof.

**{¶ 9}** The commission points to several perceived deficiencies in its order, claiming that certain questions crucial to TTC entitlement were not addressed. This argument fails for the reasons stated above. All of the questions posed by the commission were addressed in the C-84s, which, again, the commission accepted as persuasive for purposes of the immediately preceding period of TTC. Accordingly, TTC is payable from March 4, 1999 through April 2, 1999, the date of the original hearing in this matter.

**{¶ 10}** The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy* and *Lynn S. Jaffy,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Stephen D. Plymale*, Assistant Attorney General, for appellee.

_____