[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 95.]

THE STATE EX REL. HONDA TRANSMISSION MANUFACTURING OF AMERICA, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Honda Transm. Mfg. of Am., Inc. v. Indus. Comm.*, 2002-Ohio-1934.]

*Workers' compensation—Application for wage-loss compensation pursuant to R.C. 4123.56(B)—Industrial Commission grants wage-loss compensation even though claimant failed to present evidence of any job search—Court of appeals' finding that commission abused its discretion without first determining whether claimant performed a good-faith job search and returning cause to commission for consideration of that issue and an amended order reversed, when—Industrial Commission ordered to vacate its order granting wage-loss compensation pursuant to* State ex rel. Gay v. Mihm.

(No. 00-2316—Submitted March 27, 2002—Decided April 24, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1378.

————————————

*Per Curiam*.

{¶ 1} For an injury received in March 1993, claimant Forrest E. Karg's workers' compensation claim has been allowed for "bursitis right shoulder; impingement right shoulder and right carpal tunnel syndrome." In August 1994, claimant complained to appellant-employer Honda Transmission Manufacturing of America, Inc., that his job as a seat-line worker was aggravating his shoulder pain. Honda reassigned claimant to a data entry job until September 1, 1994, when he was certified as temporarily and totally disabled by Dr. Peter Hoy.

{¶ 2} Claimant's employment with Honda ended a few weeks later, although evidence conflicts somewhat as to why. There is no evidence that

claimant worked for the next two and one-half years. In March 1997, he began working as a pizza delivery driver for Domino's Pizza, at $5.50 an hour, far less than his wages at Honda.

{¶ 3} On January 8, 1998, claimant moved the Bureau of Workers' Compensation for wage-loss compensation pursuant to R.C. 4123.56(B), submitting pay stubs from Domino's. He offered no other evidence in support of his application.

{¶ 4} A district hearing officer for appellee Industrial Commission of Ohio denied the application, finding that for the period beginning May 15, 1997 (when new wage-loss guidelines became effective), claimant had made no attempt to search for comparably paying work. A staff hearing officer reversed, granting the wage-loss application for March 22, 1997 to July 22, 1999, and to continue upon further proof. The staff hearing officer did not address the question of a good-faith job search for comparable pay.

{¶ 5} Honda filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in granting wage-loss compensation. The court of appeals agreed that the commission had abused its discretion in awarding wage-loss compensation without first determining whether claimant had performed a good-faith job search. The court granted a limited writ and returned the cause to the commission for consideration of this issue and an amended order.

{¶ 6} This cause is now before this court upon an appeal as of right.

{¶ 7} The parties agree that under the facts of this case, claimant was required to make a good-faith job search for employment paying a wage comparable to that at Honda. Consequently, they agree that the commission abused its discretion in failing to address this critical question. The sole issue before us then is whether to return the cause to the commission for further consideration and amended order or to proceed directly to judgment pursuant to *State ex rel. Gay v.*

*Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Our review convinces us that the latter course is proper.

{¶ 8} Claimant submitted only his wage statements from Domino's. He presented no evidence of any job search, good-faith or otherwise. Thus, a return to the commission for an adjudication of job-search adequacy is pointless.

{¶ 9} The judgment of the court of appeals is reversed. A writ is issued ordering the commission to vacate its order granting wage-loss compensation to claimant.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

———————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 10} I would affirm the judgment of the court of appeals.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

———————————

*Vorys, Sater, Seymour & Pease, LLP, Bradley K. Sinnott* and *Corrine S. Carman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee Industrial Commission.

———————————