[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 333.]

THE STATE EX REL. MADISON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Madison v. Indus. Comm.*, 1994-Ohio-102.]

*Workers' compensation—Industrial Commission's order granting or denying benefits to a claimant must specifically state what portion of the evidence has been relied upon, and briefly explain the reasoning for its decision.*

(No. 93-1497—Submitted March 22, 1994—Decided May 18, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1040.

———————————

{¶ 1} Appellant-claimant, Jack J. Madison, was a school teacher for many years. Low pay and student discipline problems prompted his departure from the profession in 1972. Claimant then began working in Davro Corporation's plating plant.

{¶ 2} Claimant contracted "asthmatic bronchitis" in 1986 in the course of and arising from his employment, and his workers' compensation claim was allowed for that condition. In 1990, claimant applied to appellee, Industrial Commission of Ohio, for permanent total disability compensation.

{¶ 3} The medical evidence submitted to the commission uniformly agreed that claimant could not return to his former position of employment as a plater. Drs. Lawrence Martin and Anthony DiMarco felt that claimant could do other work provided he was in a fume-free environment. Attending physician Joseph A. Sopko felt that claimant was permanently and totally "disabled."

{¶ 4} Claimant also submitted a vocational report from William L. Fink, who wrote:

"Mr. Madison complains of shortness of breath with minimal exertion. He certainly cannot return to work in machinery repair as this work is very heavy work

and is not performed in a clean environment. While school teaching of academic subjects is considered light work, one must also consider the fact that Mr. Madison's age, plus the fact that it is an emotionally demanding job, especially with the discipline problems that occur in our public schools. Mr. Madison does not have an advanced degree or any specialized credentials that would qualify him to work in a prestigious prepschool, junior college or college. Even consideration of Mr. Madison's returning to the field of education is a moot point as he complains that speaking for long periods of time causes shortness of breath.

"* * *

"If Mr. Madison were a much younger man he could enter graduate school in mathematics or science and he could eventually work in a climate controlled and pollution free laboratory. However, he is of advanced age, and in accordance with his treating physician's letter (attached) Mr. Madison has a chronic complaint that simply is not going to go away, nor is Mr. Madison going to get any younger.

"Thus, when age is considered, plus the greater part of his past relevant work history and his physical complaints, there are no areas of sustained remunerative employment I, as a vocational rehabilitation consultant, can recommend. It is my opinion this man is permanently and totally removed from sustained remunerative activity from a vocational point of view."

{¶ 5} The commission denied permanent total disability compensation, stating:

"The reports of Drs. Sopko, DiMarco and Martin and vocational report of Mr. Fink were reviewed and evaluated. This order is based particularly upon the reports of Drs. DiMarco and Martin, a consideration of the claimant's age, education, work history * * *.

"Claimant is age sixty-nine with a college degree in teaching and a work history of heavy machinery repair (twenty years in the Navy), school teacher and as a zinc, chrome and nickel plater (sixteen years). It is noted that both Dr. DiMarco

and Dr. Martin found a permanent partial impairment of twenty percent and that on a medical basis, claimant would be capable of employment in which he was not exposed to dust and fumes. In light of these factors, it is found that claimant is not permanently and totally disabled due to the condition allowed in this claim."

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court of appeals found a violation of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245, because the commission's order failed to adequately explain its reasoning. The court vacated the order and returned the cause to the commission for further consideration and an amended order.

{¶ 7} This cause is now before this court upon an appeal as of right.

———————————————

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*; and *Frank Gallucci*, for appellant.

*Lee I. Fisher*, Attorney General, *Michael P. O'Grady* and *Richard A. Hernandez*, Assistant Attorneys General, for appellee.

———————————————

*Per Curiam.*

{¶ 8} Claimant in effect seeks a writ of mandamus to compel the commission to award permanent total disability compensation consistent with our decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St. 3d 315, 626 N.E.2d 666. We find such relief to be inappropriate in this case and affirm the judgment of the court below.

{¶ 9} The present order violates *Noll*, *supra*, because it does not explain how the vocationally contradictory factors it cites enable claimant to be capable of sustained remunerative employment. While claimant's education and work history are vocationally favorable, his age is not.

**{¶ 10}** The existence of conflicting factors renders *Gay*'s application here inappropriate. Because claimant has nonmedical factors that are both vocationally favorable and unfavorable, a decision to either grant or deny benefits—with proper explanation—could be evidentially defensible. A return of the cause for further consideration and an amended order is not, under these circumstances, the futile exercise that *Gay* seeks to prevent.

**{¶ 11}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse on authority of *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.

_____