OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
       Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
       NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State ex rel. Ranomer, Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Ranomer v. Indus. Comm. (1994),
Ohio St.3d     .]
Workers' compensation -- Judgment of court of appeals ordering
      Industrial Commission to issue an order complying with
      Noll reversed and writ issued compelling commission to
      award claimant permanent total disability compensation,
      when.
      (No. 93-1972 --- Submitted October 11, 1994 -- Decided December 14, 1994.)
      Appeal from the Court of Appeals for Franklin County, No. 92AP-703.
      Appellant, Sam Ranomer, was awarded workers' compensation benefits based on industrial injuries he sustained in 1962 and 1968, arising from and in the course of his employment with Roadway Express, Inc. After these injuries, Ranomer continued to work for Roadway until 1979. On June 20, 1990, Ranomer moved appellee, Industrial Commission of Ohio ("commission"), for permanent and total disability compensation.
      The commission received medical reports prepared by three physicians: Dr. Anthony D. Vamvas (the claimant's attending physician), Dr. Paul A. Steurer, Jr. (a commission specialist), and Dr. Jess G. Bond (who examined the claimant at Roadway's request).
      Dr. Vamvas reported on June 6, 1990 that Ranomer had been his patient for approximately twenty-five years, and that the doctor had "observed him to deteriorate slowly over a period of years in respect to the consequences stemming from the [1962 and 1968] injuries." Dr. Vamvas described Ranomer's presentation as of November 17, 1989 as follows: "[Ranomer] complained of a constant pain across his entire lower back radiating down the left lower extremity as far as the ankle, with associated numbness and tingling in the toes of the foot. Occasionally, the left knee buckles from under him, and as a result of it, he has fallen on several occasions. The right knee is becoming affected, and the toes are numb as well. His back symptoms are aggravated by prolonged standing, walking or

sitting, pushing, pulling, straining, turning and twisting, and, with both stair and ladder climbing.  At night, he has to get out of bed because of pain at least four to five times per night. * * *  He furthermore complains of pain behind the left shoulder going into the upper arm and extending into the neck, which is painful and stiff as well. ***  Turning his head to either side looking upward or downward are all painful.  He is unable to do any overhead work.  He has to shift his entire body to turn around or to back his car up.  Reaching out with the left arm or overhead or behind him is painful as well."

Dr. Vamvas concluded as follows:

"I observed the deterioration of Mr. Ranomer's orthopaedic conditions over the years arising from these [1962 and 1968] injuries.  It was clear by the mid 1970's that Mr. Ranomer was having considerable problems performing the duties and tasks of driving a truck due to these conditions.  In the late 1970's, I strongly urged Mr. Ranomer to refrain from this type of work since it was clearly exacerbating his neck, back and extremities.  Mr. Ranomer reluctantly was forced to retire due to these chronic orthopaedic conditions in the late 1970's. After such time, he unsuccessfully attempted several menial, light duty jobs, but had to quit because of the impairment and disability arising from his two industrial injuries."  Dr. Vamvas  further opined that Ranomer was "permanently and totally impaired from all types of sustained remunerative employment due to the combined effects of the allowed conditions in the above two claims.  Indeed, this has been the case for at least 2-3 years, in my opinion.  If not for his injuries, there was no medical reason why Mr. Ranomer couldn't have continued working.  Furthermore, Mr. Ranomer is a poor candidate for any type of vocational rehabilitation."

Dr. Steurer reported on August 28, 1990, as follows: "*** [D]ue to the allowed orthopaedic industrial injuries the claimant is indeed prevented from returning to his former position of employment and his condition is now permanent.  The allowed industrial orthopaedic conditions alone do not totally, permanently prohibit him from all sustained remunerative employment.  He, rather, has a sixty percent permanent, partial impairment with respect to the whole man.  Due to his age, education and work experience he is not a rehabilitation candidate."  Dr. Steurer's opinion, which was solely medical in nature, was based on the medical history he took from the claimant and his physical examination of the claimant.

Dr. Bond, the doctor retained by the employer, confirmed in his report of October 1, 1990 that Ranomer suffers from degenerative arthritis of the lumbar and cervical spine; possible spinal stenosis of the lumbar spine; and an S1 radiculopathy involving the left lower extremity.  Dr. Bond nevertheless believed that the claimant was capable of sustained remunerative employment in jobs which would not require "undue lifting requirements *** such as small machine repair or the inspection of parts coming off an assembly line."  Dr. Bond assessed claimant as having a permanent partial impairment equal to twenty-four percent of the person as a whole.  Dr. Bond's report does not reflect consideration of non-medical factors such as age, skill levels, education, etc., nor did he suggest how claimant might be able, in light

of the pain and limitation of movement the doctor himself observed, to sit or stand for long periods of time while engaged in small machine repair or parts inspection employment.

The record includes a vocational report prepared by Deborah Nolte, a certified vocational evaluation specialist, on October 28, 1991, who tested and assessed the claimant's current suitability for alternative employment. Nolte believed that Ranomer's current abilities and job skills were unlikely to be transferable to another occupation. She concluded that Ranomer was unable to participate in sustained remunerative employment.

On January 10, 1992 the commission denied the claimant's motion by way of a document captioned "Findings of Fact and Order of the Commission." The commission's entire substantive analysis supporting its denial of permanent total disability compensation consists of the following:

"It is the finding of the Commission that this claim has been recognized for: left leg, left and rt hips, rt arm, ruptured lumbar intervertebral disc.

"That the Commission find from proof of record that the claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment; that therefore the Permanent Total Disability Application, filed 6/20/90 be denied.

"The reports of Doctor(s) Vamvas, Bond and Steurer were reviewed and evaluated.

"The order is based particularly upon the reports of Doctor(s) Steurer and Bond.

"Claimant is 77 years old, has a high education [sic]; his work history includes lawn mowing at a golf course, bus driver, working as a machine worker and driving a truck. Claimant was able to return to work following both injuries and his last date worked was 11 years after the 2nd injury. Therefore PTD is denied."

In May 1992, Ranomer filed a complaint in mandamus in the Franklin Count Court of Appeals alleging that the commission abused its discretion in denying him permanent total disability benefits. The appellate court found that the commission's order did not satisfy the requirements of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The court granted a writ of mandamus ordering the commission (1) to vacate its order denying Ranomer permanent total disability compensation, and (2) to issue a new order either granting or denying permanent total disability compensation but, in either event, to support its finding in an order satisfying the Noll requirements.

This cause is before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Pavick & Pavick, L.P.A., and Dean G. Pavick, for appellant.

Lee I. Fisher, Attorney General, Michael P. O'Grady and Richard A. Hernandez, Assistant Attorneys General, for appellee Industrial Commission.

Buckingham, Doolittle & Burroughs and Brett L. Miller, for appellee Roadway Express, Inc.

A.William Sweeney  J.  Pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, and its progeny, a court considering a complaint for a writ of mandamus alleging abuse of discretion by the Industrial Commission in denying a motion for permanent total disability must engage in a multi-step analysis.  That court must first review the form of the commission's order and determine whether the order satisfies the requirements of State ex rel. Noll v. Indus. Comm., supra, by (1) specifying the evidence upon which the commission relied, and (2) explaining the reasoning the commission used to reach its decision in such a manner as to enable meaningful judicial review.  Gay, supra, at 319-320, 626 N.E.2d at 670.

The issuance of a writ of mandamus is appropriate where the court finds non-compliance with Noll, as such non-compliance is equivalent to an abuse of discretion. However, the nature of the mandate in the writ is dependent upon further analysis.  Where the record before the court shows a substantial likelihood that the claimant is permanently and totally disabled, the court may order the commission to forthwith make an award of permanent total disability compensation.  Gay, supra, syllabus.  In the absence of substantial likelihood of permanent and total disability, or in cases where non-medical factors are split between favorable and non-favorable considerations, the court may order the commission to further consider the claimant's motion.  In this latter category of cases, the court should issue a writ ordering the commission to issue a decision meeting the specificity requirements of Noll, regardless of whether the commission ultimately grants or denies permanent total disability compensation.  State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693, 635 N.E.2d 372;  State ex rel. Madison v. Indus. Comm. (1994), 69 Ohio St.3d 333, 631 N.E.2d 1062.

In the case at bar, the commission concluded that the claimant, a man now nearly eighty years of age, "is able to perform sustained remunerative employment."  The commission did not suggest the form of employment that this claimant might be able to perform, nor does the order specify or even suggest any evidence before it justifying the commission's finding. The commission's order in the cause before us clearly falls short of the specificity requirements of Noll.  See State ex rel. Hopkins v. Indus. Comm. (1994), 70 Ohio St.3d 36, 635 N.E.2d  1257 (citing State ex rel. Stephenson v. Indus. Comm. [1987], 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946); and Noll, supra,57 Ohio St.3d at 206, 567 N.E.2d 245 ("boilerplate" recitation of the Stephenson factors insufficient).  Because we find that the commission abused its discretion in failing to issue an order which complies with Noll, it follows that a writ of mandamus is appropriate.  Pursuant to Gay, we must next determine whether the record shows a substantial likelihood that claimant Ranomer is permanently and totally disabled.

The commission's failure to include the report of the certified vocational-evaluation specialist in its list of the evidence considered does not in this case require return of the cause to the commission for further review.  Cf. State ex rel.

Fultz v. Indus. Comm. (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057. The fact that the commission failed to rely on the report does not require this court to ignore it or the conclusions contained in it, particularly where no evidence rebutting those conclusions is present in the record. Nothing in the vocational report can be used to support the contention that this claimant is employable in any alternative occupation. No non-medical factors tending to favor the existence of possible alternative employment are contained in this record. Instead, the record exhibits a nearly eighty-year-old arthritic man with a high-school education who has been previously employed only in active forms of work, who now suffers extensive and continuing pain and sleeplessness resulting from his allowed conditions, and who is expressly described by two of the three physicians who examined him to be non-amenable to vocational rehabilitation. We find on this record substantial likelihood that the claimant is entitled to an award of permanent total disability compensation.

The judgment of the court of appeals is reversed insofar as it merely ordered the commission to issue an order complying with Noll. A writ of mandamus is hereby issued to compel the Industrial Commission to award claimant Ranomer permanent total disability compensation.

Judgment reversed in part
and writ granted.

Douglas, Resnick and F.E. Sweeney, JJ., concur.
Moyer, C.J., Wright and Pfeifer, JJ., dissent.


Wright, J., dissenting.    For the reasons I concurred in Chief Justice Moyer's separate concurrence in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 324, 626 N.E.2d 666, 673, I respectfully dissent.

Once we find that the Industrial Commission has failed to state specifically the evidence upon which it has relied and to explain briefly the reasoning for its decision, as required by State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, this court should grant a limited writ of mandamus ordering the commission to vacate its order and to issue a new order that satisfies the Noll requirements. Our inquiry should be limited to determining whether the commission's order is supported by "some evidence," not whether there is a "substantial likelihood" that the claimant is permanently and totally disabled. If a commission's order, which denies permanent total disability compensation, complies with the Noll requirements and is supported by "some evidence," this court should not issue a writ of mandamus compelling the commission to award permanent total disability compensation. Returning this cause to the commission is consistent with our scope of review, because it enables the commission to show whether its order is supported by "some evidence."

State ex rel. Fultz v. Indus. Comm. (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, which was decided after Gay, supra, cannot be distinguished from this case. In Fultz, the commission denied permanent total disability compensation. There, as in this case, the commission's order provided a list of evidence that the commission had considered, but the list omitted a vocational report. We found that even Noll review

was premature.  Noting that the omitted report could be the key to the failure or success of the claimant's application, we returned the cause to the commission for further consideration.  Unlike the majority in this case, in Fultz, we did not independently review the record to determine whether there was a "substantial likelihood" that the claimant was entitled to an award of permanent total disability compensation.

For the foregoing reasons, I would affirm the judgment of the court of appeals.

Moyer, C.J., concurs in foregoing dissenting opinion.