THE STATE EX REL. TRENT, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Trent v. Indus. Comm.* (1996), 77 Ohio St.3d 13.]

(No. 94–2310—Submitted September 25, 1996—Decided October 23, 1996.)

14

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Diane M. Meftah,* Assistant Attorney General, for appellant.

---

*Per Curiam.*  The commission challenges the appellate court's decision to award permanent total disability compensation.  Upon review, we find that a writ of mandamus pursuant to *Gay* is inappropriate under these facts and reverse the judgment of the court of appeals.

We agree with claimant's contention that the commission's order did not sufficiently explain its reasoning as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.  The commission "noted" claimant's age, education and work history, but did not indicate whether it viewed those factors favorably or unfavorably;  further, it failed to indicate how those factors combined to produce a claimant who can perform sustained remunerative employment.  The commission's statement that claimant's work history "likely" provided him with transferable skills, without further elaboration, is too speculative to constitute an adequate explanation.

We do not, however, agree that *Noll* noncompliance dictates relief consistent with *Gay.*  Dr. Reynolds, on whom the commission relied, assessed only a twenty-five-percent impairment.  The rehabilitation division, moreover, listed claimant's age and work history as assets for retraining and re-employment.  These factors contrast sharply with the uniformly negative characteristics that have prompted *Gay* relief in the past.  While the claimant indeed alleged that his rehabilitation efforts were foreclosed by other problems, the commission was not

required to accept this statement, particularly given the absence of corroborating evidence.

Accordingly, we reverse the judgment of the court of appeals and issue a limited writ that returns the cause to the commission for further consideration and an amended order pursuant to *Noll.*

*Judgment reversed*
*and limited writ granted.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.