**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 13.]**

THE STATE EX REL. TRENT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT ET AL.

**[Cite as *State ex rel. Trent v. Indus. Comm.*, 1996-Ohio-197.]**

*Workers' compensation—Application for permanent total disability compensation—Industrial Commission's order denying compensation an abuse of discretion when order does not sufficiently explain commission's reasoning as required by Noll.*

(No. 94-2310—Submitted September 25, 1996—Decided October 23, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD08-1228.

————————————

{¶ 1} Appellee-claimant, Arnold H. Trent, sustained separate injuries in the course of and arising from his employment with Isabel Masonry Company and Roberts & Sons, Inc. Appellant Industrial Commission of Ohio has collectively allowed workers' compensation claims for "low back; internal derangement right knee; fracture right little finger."

{¶ 2} In 1990, claimant applied for permanent total disability compensation. Dr. Walter H. Hauser concluded that degenerative changes rendered claimant incapable of sustained remunerative employment. Dr. H. Tom Reynolds reported:

"This claimant was injured twice, once in 1973 and once in 1974. No specific neurologic deficits were noted today. There is slight decreased range of motion of the right knee and some decreased range of motion of the low back. He has no radicular complaints. He is status post surgery of the right knee. Based on my examination and review of the file, it is my opinion that this claimant has an impairment that is permanent in nature, but I do not feel he has a permanent and total impairment. I do not feel he can return to his previous level of employment,

and this inability would be permanent.  I do feel he could perform sustained remunerative employment within the sedentary and light job duty classifications, consistent with not lifting more than 25 pounds occasionally and 10 pounds frequently, and would limit bending and stooping to no more than occasional in nature.  I do feel he should be required to go up and down steps no more than infrequent[ly], and ladders and scaffold climbing should be totally restricted.  It is my opinion that he has experienced maximum recovery.  He could benefit from referral to the Rehab Division for participation in a vocational evaluation and work simulation/work hardening in an appropriately identified level within his physical capacities [as] identified from the vocational evaluation.  Using the AMA Guidelines to Evaluation of Permanent Impairment (2d Edition), it is my opinion that this claimant would have a permanent impairment of 25%."

{¶ 3} Claimant was also evaluated by the Industrial Commission's Rehabilitation Division.  Claimant was reported to be enthusiastic about rehabilitation and his vocational prognosis was assessed as "fair."  Assets for rehabilitation included claimant's age, work history, and attitude.  Primary liabilities were claimant's limited educational and academic capacities.  The extent of rehabilitative efforts, if any, after that point is unclear.  The record contains no further information from the rehabilitation division.  A claimant affidavit states that rehabilitation was started but later discontinued because of heel spurs that prevented further participation.

{¶ 4} The commission denied permanent total disability compensation, writing:

"The reports of Drs. Hauser & Reynolds were reviewed and evaluated.  This order is based particularly upon the reports [*sic*] of Dr. Reynolds, the evidence in the file and the evidence adduced at the hearing. ***

"The medical evidence found persuasive includes the report of Commission PMR specialist Dr. Reynolds.  This report relates that the claimant demonstrates a

25% permanent partial impairment and is capable of sedentary and light duty work. While the Commission recognizes [that] Dr. Reynolds failed to specifically evaluate the claimant with respect to all his allowed claims, the Commission finds [that] Dr. Reynolds did evaluate the claimant adequately with respect to all his allowed conditions which arose from each of the claimant's industrial injuries. Thus, based on Dr. Reynold's [*sic*] report, the Commission determines the claimant to possess a low to moderate impairment which would not preclude his engaging in most light duty work.  It is noted [that] the claimant is 56 yrs. old, has a 9th grade education, and a vocational history as a laborer and foreman for masonry and blacktop companies.  The Commission finds [that] the claimant's work experience as a foreman likely provides him with some skills transferrable [*sic*] to light employment.  Furthermore, the commission finds [that] the claimant's age and educational level do not preclude the claimant's obtaining unskilled to semi-skilled light duty employment such as assembly work.  Therefore, finding the claimant to possess the vocational skills to enable him to engage in sustained remunerative employment compatible with his medical restrictions, the Commission denies his application for permanent total disability."

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying permanent total disability compensation.  The court agreed and ordered the commission to award permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E. 2d 666.

**{¶ 6}** This cause is now before this court upon an appeal as of right.

————————————

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Diane M. Meftah*, Assistant Attorney General, for appellant.

_____

*Per Curiam*.

{¶ 7} The commission challenges the appellate court's decision to award permanent total disability compensation. Upon review, we find that a writ of mandamus pursuant to *Gay* is inappropriate under these facts and reverse the judgment of the court of appeals.

{¶ 8} We agree with claimant's contention that the commission's order did not sufficiently explain its reasoning as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The commission "noted" claimant's age, education and work history, but did not indicate whether it viewed those factors favorably or unfavorably; further, it failed to indicate how those factors combined to produce a claimant who can perform sustained remunerative employment. The commission's statement that claimant's work history "likely" provided him with transferable skills, without further elaboration, is too speculative to constitute an adequate explanation.

{¶ 9} We do not, however, agree that *Noll* noncompliance dictates relief consistent with *Gay*. Dr. Reynolds, on whom the commission relied, assessed only a twenty-five-percent impairment. The rehabilitation division, moreover, listed claimant's age and work history as assets for retraining and re-employment. These factors contrast sharply with the uniformly negative characteristics that have prompted *Gay* relief in the past. While the claimant indeed alleged that his rehabilitation efforts were foreclosed by other problems, the commission was not required to accept this statement, particularly given the absence of corroborating evidence.

{¶ 10} Accordingly, we reverse the judgment of the court of appeals and issue a limited writ that returns the cause to the commission for further consideration and an amended order pursuant to *Noll.*

*Judgment reversed*

*and limited writ granted.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

———————————