[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 197.]

THE STATE EX REL. ALLEN, APPELLEE, v. CLEVELAND BOARD OF EDUCATION; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Allen v. Cleveland Bd. of Edn*., 1997-Ohio-165.]

*Workers' compensation—Industrial Commission does not abuse its discretion in refusing to extend permanent total disability compensation beyond the closed period of time specified in an interlocutory order.*

(No. 95- 676—Submitted June 11, 1997—Decided July 16, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD02-140.

———————————

{¶ 1} Appellee-claimant, Irma Allen, sustained three injuries while in the course of and arising from her employment as a counselor for the Cleveland Board of Education. The most severe injury occurred on March 20, 1987, and claimant's workers' compensation claim was allowed for "cervical and dorsal sprain, vertigo and [cephalgia]." Although treatment in all claims was conservative, claimant never returned to work after her last injury and began receiving temporary total disability compensation immediately thereafter.

{¶ 2} In February 1992, claimant moved appellant, Industrial Commission of Ohio, for permanent total disability compensation. She submitted a report from attending physician Dr. Sheldon A. Friedman, who indicated that claimant could not perform sustained remunerative employment. Commission specialist Dr. Timothy L. Gordon, however, found just a thirty-five percent impairment. Despite claimant's impaired cervical motion, Gordon restricted her only from repetitive bending and twisting. He opined that claimant could not return to her former position of employment. Commission specialist Dr. Howard Tucker assessed a ten to fifteen percent impairment and recommended a rehabilitation trial.

**{¶ 3}** Pursuant to administrative procedures generated by our decision in *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46, a hearing was held before a staff hearing officer sitting as a deputy of the commission. After the hearing, the following order issued:

"FINDINGS OF FACT AND ORDER OF THE COMMISSION

"INTERLOCUTORY ORDER

"This matter came on for hearing on August 20, 1993, before Sandra B. Reid, a Deputy of the Industrial Commission, pursuant to Section 4121.06, Ohio Revised Code[,] on the claimant's Application for Permanent and Total Disability filed 10/14/91[*sic*, 2/13/92].

"It is the finding of the Commission that the claimant is permanently and totally disabled; that the compensation for such disability be awarded from 8/21/93 to 11/30/93; further payment of compensation to be considered at the next scheduled hearing on the issue of continuation of permanent and total disability; that the Application be granted to the extent of this order * * *.

"Claim files to be referred to Claims Management-Special Projects, then to the Attorney Unit for preparation of a statement of facts to be completed within 43 days from the date of publication of this order and then set for hearing before the members of the Industrial Commission on the issue of continuation of the award of permanent and total disability compensation.

"The reports of Dr. Doctor(s) Gordon, [and] Friedman were reviewed and evaluated. This order is based particularly upon the report(s) of Dr. Gordon, M.D. orthopedist, for the Industrial Commission, dated 4/22/93, who found claimant has 35% permanent partial impairment, can't return to [her] former position of employment, and [also that] the condition has become permanent [and the report of] Dr. Friedman, M.D., for the claimant dated 4/4/91, who found claimant can't return to former position of employment, can't engage in sustained gainful employment and is permanently and totally disabled. A consideration [was made]

of the claimant's age of 58, her Master[']s degree [in] grade [*sic*] education, a work history, the evidence in the file and the evidence adduced at the hearing. Additional factors considered in reaching this decision [included] the Vocational Evaluation of Mark Anderson [which] states that claimant has no transferable work skills due to her medical restrictions and has no return to work potential. Claimant is permanently and totally disabled."

**{¶ 4}** Pursuant to that order, the claim was eventually set for hearing on the issue of continued compensation. Further compensation was denied by the commission as follows:

"The claimant is a 58 year old counselor with a Master's degree. Mark Anderson, vocational expert for the claimant, finds that Ms. Allen does have transferable skills, though his opinion is that her exertional capacities negate her ability to work. Treatment has been conservative and there has been no surgery.

"The reports of Dr[.](s) Gordon and Friedman were reviewed and evaluated. This order is based particularly upon the reports [*sic*] of Dr. Gordon.

"Dr. Friedman in his 4/4/91 report found that the claimant was permanently and totally disabled from the work force. Dr. Gordon in a 4/22/93 report found a 35% impairment, but he noted only minimal paraspinal tenderness, no deltoid muscle atrophy, normal neurological examination of the lower extremities, negative straight leg raising, pulses intact and sensation.

"Dr. Gordon did find functional limitations which would prevent repetitive bending and twisting, but he did find that claimant could drive a car and walk with a cane.

"Dr. Tucker in a 1/29/91 report found no evidence of neurological disease and opined a permanent partial disability of 10-15 [percent].

"In addition, the Staff Hearing Officers considered the following factors:

"The claimant has a Master's degree and has worked as a counselor. She is 58 years old and has limitations of bending and twisting, but Dr. Gordon's

examination revealed numerous negative findings and claimant's educational background could provide transferable skills based on the report of claimant's vocational expert. Claimant's application filed 2/13/92 is therefore denied."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in refusing to extend permanent total disability compensation. The court of appeals agreed and ordered the commission to vacate its order and reinstate permanent total disability compensation.

{¶ 6} This cause is now before this court upon an appeal as of right.

_____

*Mondello & Levey* and *Scott I. Levey*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Sandra L. Nimrick*, Assistant Attorney General, for appellant.

_____

***Per Curiam.***

{¶ 7} Claimant successfully petitioned the court of appeals for a writ of mandamus to compel the continued award of permanent total disability compensation. Two propositions have been advanced by claimant to affirm the court of appeals' decision. Claimant first asserts that the commission's interlocutory award of permanent total disability compensation conclusively established her right to this compensation. Claimant next asserts entitlement to permanent total disability compensation under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We disagree with both propositions and reverse the judgment of the court of appeals.

{¶ 8} The first issue was resolved in the commission's favor in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. There, we held that the commission did not abuse its discretion in refusing to extend permanent total disability compensation beyond the closed period of time specified

4

in an interlocutory order. The issue is similarly resolved against claimant in this case.

{¶ 9} Claimant's secondary assertion of an entitlement to compensation pursuant to *Gay* is also unpersuasive. While the commission's order is brief, it is apparent that the commission inferred from Dr. Gordon's findings and his assessment of only a thirty-five percent permanent partial impairment that claimant was medically capable of some sustained remunerative employment. Moreover, although the commission did not specify the range of work of which it believed claimant capable, we find that even if claimant were limited to sedentary work, the commission did not abuse its discretion in finding such work to be within the retrainable capacities of a claimant with a Master's degree. Claimant's work history is similarly an asset. While age is an impediment to reemployment, claimant's education and work history distinguish her situation from those cases in which all of the claimant's nonmedical factors were so overwhelmingly negative as to compel but one result—the award of permanent total disability compensation. See*, e.g., State ex rel. Soto v. Indus. Comm*. (1994), 69 Ohio St. 3d 146, 630 Ohio St.3d 714.

{¶ 10} Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

———————————

**DOUGLAS, J., dissenting.**

{¶ 11} I respectfully dissent. I would affirm the judgment of the court of appeals.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

———————————