THE STATE EX REL. BABCOCK, APPELLANT, *v.* ENSR CORPORATION; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Babcock v. ENSR Corp.* (1998), 82 Ohio St.3d 264.]

(No. 95–1720—Submitted May 12, 1998—Decided July 1, 1998.)

266

*Gaines & Stern Co., L.P.A., Sheldon L. Braverman* and *Dale A. Nowak,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda V. Vorys,* Assistant Attorney General, for appellee.

*Per Curiam.* R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and

two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Former Ohio Adm.Code 4121-3-32(D) additionally states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [f]or wage loss pursuant to division B of section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

Claimant seeks wage loss compensation under former Ohio Adm.Code 4121-3-32(D)(3) for the period November 5, 1990 through January 1, 1991. Thereafter, compensation is requested under section (D)(1). The commission denied wage loss compensation, but the court of appeals returned the cause to the commission for further consideration pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Claimant disagrees, and urges us to proceed directly to a wage loss award, citing *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. For the reasons to follow, we reject claimant's proposal.

The proximity of claimant's motor vehicle accident to his industrial injury complicates the case, and finding any residual injuries has been difficult, even for claimant's attending physician. For example, on September 13, 1990, Dr. Smith, despite a favorable prognosis, was still concerned about the claimant's return to his former job and encouraged lighter work. At the time of his auto accident, claimant still had not been released to return to his former job. To the contrary, just a week before, Dr. Smith had postponed claimant's return to February 1, 1991—a fact that the commission overlooked in its order.

In contrast to this evidence is Dr. Smith's January 13, 1992 letter. There, he appears to backtrack from his earlier indication that claimant had post-motor-vehicle-accident residual injuries. Instead, Dr. Smith appears to attribute all of claimant's medical conditions to the auto accident.

This evidentiary uncertainty supports the court of appeals' decision to return the cause for further consideration. Dr. Smith's September 13, 1990 comment— on which the commission exclusively relied—does not support the conclusion that claimant's allowed conditions had fully resolved prior to the motor vehicle

accident. On the other hand, the January 13, 1992 letter negates the claimant's assertion that he had permanent residual injuries that conclusively established a right to wage loss compensation.

A claimant cannot base a compensation request even partially on non-allowed conditions. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018. Non-allowed conditions, however, do not bar compensation if the allowed conditions, in and of themselves, also generate the required amount of disability. Applying both principles here, we conclude that there is a significant period over which claimant may or may not be eligible for wage loss compensation. The court of appeals, therefore, properly returned the cause to the commission for *Noll* consideration.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.