[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 264.]

THE STATE EX REL. BABCOCK, APPELLANT, *v*. ENSR CORPORATION;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Babcock v. ENSR Corp*., 1998-Ohio-245.]

*Workers' compensation—Denial of claim for wage loss compensation by Industrial*
*Commission—Cause returned to commission for further consideration*
*pursuant to Noll, when.*

(No. 95-1720—Submitted May 12, 1998—Decided July 1, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD07-1039.

_____

{¶ 1} Appellant-claimant, Thomas D. Babcock, sustained an industrial injury on March 29, 1989. Appellee, Industrial Commission of Ohio, eventually allowed his workers' compensation claim for "bimalleolar fracture left ankle; fracture scapula; left, distal tibial fracture; midline disc herniation L5-S1, L4-L5; moderate central and left sided disc bulge at L4-5 with mild lumbar stenosis; sprain of the neck; fracture of the left clavicle; abrasions and contusions left arm, upper back, left leg and knee; lacerations left leg; fracture left fibula; concussion with post-traumatic headaches."

{¶ 2} Claimant began receiving temporary total disability compensation ("TTD"). On August 1, 1990, Dr. Buel S. Smith, in a C-84 physician's report supplemental, indicated that claimant could not return to his former position of employment until December 1, 1990.

{¶ 3} In August 1990, claimant underwent a lumbar laminectomy. Dr. Smith, in his September 13, 1990 office entry, indicated that claimant could return to work on November 30, 1990, and also reported:

"This patient has done extremely well. His wound is excellent. He is free of leg pain. It sounds as though his work is really pretty heavy. I told him if he has

to go back to heavy work, he should not do so for six weeks. If he can get lighter work, he can call us and return sooner. I told him that I would always give him a slip to help him get lighter work because I am a little concerned about the kind of work that he does."

{¶ 4} On October 28, 1990, Dr. Smith postponed claimant's return to his former job to February 1, 1991.

{¶ 5} On November 5, 1990, claimant was in an auto accident. Dr. Smith, at that time, diagnosed claimant with a lumbosacral sprain and contusion to the abdomen and hip joints.

{¶ 6} On January 2, 1991, claimant returned to lighter job duties with his employer. On January 13, 1992, Dr. Smith in response to an inquiry by the Bureau of Workers' Compensation wrote:

"[T]his patient was examined by the undersigned on March 8, 1990. The history is that he was in good health until he was injured in an industrial accident on March 20, 1989. Thereafter he had pain in the lumbar area with radiation into both lower extremities. He also had paresthesias in the left leg.

"An MRI revealed evidence of disc herniation at L4-L5 and L5-S1. The herniation at L5-S1 was more marked. The patient underwent surgery on August 6, 1990, consisting of a lumbar laminectomy with excision of a herniated disc at L5-S1.

"In the post operative period he was relieved of pain. When examined on September 13, 1990 he was relieved of back and leg pain. He was given permission to return to work on November 30, 1990. I also told him that if lighter work was available to him, he could probably return to work at an earlier date.

"When examined on November 6, 1990 the patient reported that he had continued to do well until he was injured in an automobile accident on November 5, 1990. Thereafter he had multiple symptoms, including back pain.

"When examined on November 27, 1990 the patient had pain in the lumbar area with radiation into the left lower extremity.

"The patient had an MRI on August 14, 1990, which revealed a herniated disc at L4-L5. At L5-S1 there was evidence of disc herniation plus scar tissue.

"The patient underwent surgery on December 9, 1991, consisting of a lumbar laminectomy with excision of a herniated disc at L4-L5, excision of a recurrent disc herniation at L5-S1, and a bilateral posterolateral spinal fusion from L4 to S1.

"In view of the fact that the patient seemed to be doing well prior to the injury of November 5, 1990, and that thereafter he had a persistent pain in the back and lower extremities, it is a reasonable medical probability that the herniated disc at L4-L5 and the recurrent disc herniation at L5-S1 are a direct result of the injury of November 5, 1990, rather than an aggravation of the pre-existing injury of March 20, 1989. This of course is a difficult decision and I fully understand that other Orthopedic surgeons could come to a different conclusion in this case."

{¶ 7} On March 30, 1992, the commission declared that it had overpaid TTD to claimant after his auto accident, finding that the accident severed the causal relationship between claimant's physical problems and his industrial injury.

{¶ 8} Four months later, claimant sought wage loss compensation from November 5, 1990 and to continue. The commission denied compensation, writing:

"[C]laimant's C-86 motion requesting Wage Loss benefits is denied in its entirety. After this accident, the claimant was released to return to his former position of employment effective 11-30-90 by Dr. Smith, his treating physician (see report dated 9-13-90). Thereafter he was involved in an unrelated automobile accident.

"As previously determined, in the 3-30-92 final District Hearing Officer order, the claimant's 11-5-90 automobile accident severed the causal connection between this claim and claimant's inability to work. The District Hearing Officer

finds therefore that since the claimant would have but for this intervening accident have [*sic*] returned to work on 11-30-90 without restrictions[,] his inability to work at this time would be unrelated to his industrial accident. For this reason, the request for Wage Loss is denied in its entirety."

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying him wage loss compensation. The court of appeals found that Dr. Smith's September 13, 1990 office entry did not support denial of wage loss compensation and, because of contradictory evidence, returned the cause to the commission for further consideration and an amended order.

{¶ 10} This cause is now before this court upon an appeal as of right.

_____

*Gaines & Stern Co., L.P.A., Sheldon L. Braverman* and *Dale A. Nowak*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Yolanda V. Vorys*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 11} R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

{¶ 12} Former Ohio Adm.Code 4121-3-32(D) additionally states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [f]or wage loss pursuant to division B of

section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

{¶ 13} Claimant seeks wage loss compensation under former Ohio Adm.Code 4121-3-32(D)(3) for the period November 5, 1990 through January 1, 1991. Thereafter, compensation is requested under section (D)(1). The commission denied wage loss compensation, but the court of appeals returned the cause to the commission for further consideration pursuant to *State ex rel. Noll v. Indus. Comm*. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Claimant disagrees, and urges us to proceed directly to a wage loss award, citing *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. For the reasons to follow, we reject claimant's proposal.

{¶ 14} The proximity of claimant's motor vehicle accident to his industrial injury complicates the case, and finding any residual injuries has been difficult, even for claimant's attending physician. For example, on September 13, 1990, Dr. Smith, despite a favorable prognosis, was still concerned about the claimant's return to his former job and encouraged lighter work. At the time of his auto accident, claimant still had not been released to return to his former job. To the contrary, just a week before, Dr. Smith had postponed claimant's return to February 1, 1991—a fact that the commission overlooked in its order.

{¶ 15} In contrast to this evidence is Dr. Smith's January 13, 1992 letter. There, he appears to backtrack from his earlier indication that claimant had post-

motor-vehicle-accident residual injuries. Instead, Dr. Smith appears to attribute all of claimant's medical conditions to the auto accident.

{¶ 16} This evidentiary uncertainty supports the court of appeals' decision to return the cause for further consideration. Dr. Smith's September 13, 1990 comment—on which the commission exclusively relied—does not support the conclusion that claimant's allowed conditions had fully resolved prior to the motor vehicle accident. On the other hand, the January 13, 1992 letter negates the claimant's assertion that he had permanent residual injuries that conclusively established a right to wage loss compensation.

{¶ 17} A claimant cannot base a compensation request even partially on non-allowed conditions. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018. Non-allowed conditions, however, do not bar compensation if the allowed conditions, in and of themselves, also generate the required amount of disability. Applying both principles here, we conclude that there is a significant period over which claimant may or may not be eligible for wage loss compensation. The court of appeals, therefore, properly returned the cause to the commission for *Noll* consideration.

{¶ 18} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

————————————