DECISION
{¶ 1} Relator, Joseph Lowe, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's application for permanent total disability ("PTD") compensation, and ordering the commission to find he is entitled to such compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision. In his objections, relator essentially makes the same arguments previously raised before the magistrate; specifically, relator contends that the commission's order fails to comply with the requirements of State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, and that the commission improperly relied upon the medical report of Dr. Andrew Freeman as "some evidence" to support its denial of PTD compensation. The magistrate considered those arguments and rejected them. Upon review, we agree with the magistrate's reasoning and analysis in finding that the order complied with the requirements of Noll, and that the report of Dr. Freeman constituted some evidence upon which the commission could rely.
 {¶ 4} After an examination of the magistrate's decision, as well as an independent review of the record, we overrule relator's objections to the magistrate's decision, finding that the magistrate sufficiently discussed and determined the issues raised by relator. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
Klatt, P.J., and Travis, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Joseph Lowe, : :
Relator, : :
v. : No. 05AP-900 :
Industrial Commission of Ohio and : Schumacher Dugan Constr[.] Inc., : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on February 28, 2006 Harris Burgin, L.P.A., and Andrea L. Burns, for relator.
Jim Petro, Attorney General, and Eric J. Tarbox, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, Joseph Lowe, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation, and ordering the commission to find that relator is entitled to that compensation.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on July 11, 1997, and his claim has been allowed for:
Fracture ankle nos — closed, right; thoracic sprain/strain, myofascitis, tibial tendonitis, tarsometatarsal ligament dys-function, aggravation pre-existing ankylosing hyperostatic bone formation, posterior facet arthritis, lumbar degenerative disc disease, L5-S1 radiculopathy, lumbar spondylosis right shoulder arthrosis.
 {¶ 7} 2. On July 15, 2004, relator filed an application for PTD compensation. On that application, relator indicated that he was 57 years old, had graduated from high school, could read, write and perform basic math, noted he had participated in some rehabilitation services, and listed a work history as a carpenter.
 {¶ 8} 3. In support of his application, relator submitted the June 10, 2004 report of Olayinka O. Aina, M.D., who stated, in pertinent part:
* * * His initial visit with me was on November 29, 1999. * * * His range of motion has severely decreased over time. His last office visit with me was on March 26, 2004 in which case he had deteriorated even more. He has been off work since July 1997. At this time I feel that he is permanently and totally disabled and that he will never return to his place of employment. I am considering his age, work experience as well as his education in my opinion. * * *
 {¶ 9} 4. Relator was examined by Andrew Freeman, M.D., at the request of the commission. In his January 3, 2005 report, Dr. Freeman listed the allowed conditions; set forth a history of relator's accident and treatment; noted relator's subjective complaints, identified and provided summaries of medical records he reviewed; and then noted his physical, objective findings. (Dr. Freeman's objective findings relative to relator's thoracic spine, lumbar spine, upper extremity neurologic, lower extremity neurologic, right shoulder, gait, and station, can be found at pages 44-45 of the supplemental stipulated evidence for the court's review.) Dr. Freeman concluded that relator had reached maximum medical improvement ("MMI") and, after noting the specific percentage of impairment relative to each of relator's allowed conditions, Dr. Freeman assessed a 30 percent whole person impairment and concluded that relator was capable of performing at a sedentary work level.
 {¶ 10} 5. A vocational report was prepared by William T. Cody, MS, CVE, CRC, CCM, on October 21, 2004. Mr. Cody concluded that relator would have acquired skills that would transfer to medium level jobs; however, he would have no skills that would transfer to a sedentary level of employment. Based upon relator's manual trade history, Mr. Cody concluded that relator would not be able to perform semi-skilled work. Based upon his manual trade work history, his lack of vocational skills, and his pain level, Mr. Cody opined that relator would not be expected to adequately adapt to the new tools, tasks, procedures, and rules involved in performing a new type of work activity. Mr. Cody concluded that relator's age of 57 would provide a significant obstacle to his adjustment to a new kind of work activity. Based upon all of the nonmedical factors, Mr. Cody concluded that relator was permanently and totally disabled.
 {¶ 11} 6. Relator's motion for PTD compensation was heard before a staff hearing officer ("SHO") on April 19, 2005, and resulted in an order denying the application. The SHO specifically relied upon the medical report of Dr. Freeman and concluded that relator was capable of sedentary employment. Thereafter, the SHO engaged in the following vocational analysis:
The Staff Hearing Officer finds that the injured worker is 57 years old, has a high school education, and work experience as a carpenter. The Staff Hearing Officer finds that the injured worker's age is an asset which would enable him to adapt to new work rules, processes, methods, procedures and tools involved in a new occupation. The Staff Hearing Officer further finds that the injured worker's education is an asset which would enable him to learn new skills to perform new occupations. The Staff Hearing Officer further finds that the injured worker performed a skilled occupation which demonstrates his ability to acquire new skills through training. Considering the injured worker's age, education, and work experience in conjunction with his ability to perform sedentary employment, the Staff Hearing Officer finds that the injured worker would be capable of engaging in sus-tained remunerative employment. Accordingly, the applica-tion for Permanent and Total Disability Compensation is denied.
 {¶ 12} 7. Relator's request for reconsideration was denied by order of the commission mailed May 20, 2005.
 {¶ 13} 8. Thereafter, relator filed the instant mandamus action in this case.
Conclusion of Law:
 {¶ 14} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 15} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 16} Relator raises two arguments in this mandamus action. First, relator contends that the report of Dr. Freeman does not constitute some evidence upon which the commission could rely. Relator asserts that Dr. Freeman did not explain the values he derived from the objective findings in a manner readily understandable by non-physicians and that Dr. Freeman failed to explain how his opinion that relator could perform sedentary work is based on his objective findings. Second, relator contends that the commission did not adequately explain the interaction of the medical and nonmedical factors in reaching its ultimate conclusion that relator was capable of performing some sustained remunerative employment. For the reasons that follow, this magistrate disagrees.
 {¶ 17} Concerning Dr. Freeman's report, relator cites to Ohio Adm. Code 4123-5-18(B), which provides as follows:
(B) In evaluation of sufficiency of medical proof the following criteria shall be considered:
(1) The nature and type of injury or occupational disease;
(2) Is the diagnosis consistent with the description of events resulting in the injury or occupational disease, as shown by proof of record;
(3) Is the disability rating based solely on condition or conditions for which the claim is recognized;
(4) Is the disability rating based on objective symptoms of disability as a direct result of the injury or occupational disease in the respective claim; "objective symptoms" means those signs and indications which a physician discovers from an examination of his patient, as distinguished from sub-jective symptoms which he learns from what his patient tells him;
(5) Did the physician state reason or reasons for his opinion?
 {¶ 18} Relator also argues that the commission's medical examination manual requires that Dr. Freeman write his report in a manner which is readily understandable by non-physicians.
 {¶ 19} Upon review of Dr. Freeman's report, the magistrate specifically notes the following: Dr. Freeman correctly listed the allowed conditions in the claim and gave a detailed summary of the history of relator's claim and the treatment that he has received. Further, Dr. Freeman listed and summarized the other medical evidence in the record relative to relator's allowed conditions and specifically noted that relator's pain was not disproportionate for his allowed conditions. The magistrate finds that portion of Dr. Freeman's report clearly meets the criteria of Ohio Adm. Code 4123-5-18(B)(1) and (2).
 {¶ 20} Thereafter, Dr. Freeman provided his objective findings based upon his physical examination of relator. Dr. Freeman noted his findings, including range of motion findings, and specifically noted which of those findings deviated from what would be considered normal for each body part. Dr. Freeman broke down his findings into 12 individual groups and listed the percentage of impairment relative to each individual group. The magistrate specifically finds that this meets the requirements of Ohio Adm. Code 4123-5-18(B)(3) and (4).
 {¶ 21} Thereafter, Dr. Freeman identified the fifth edition of the AMA Guidelines as his formula for evaluating impairment, noted an additional impairment for pain, and noted that relator would be capable of performing sedentary work as such is defined in the Ohio Administrative Code. The magistrate finds that this portion of Dr. Freeman's report satisfies the requirements of Ohio Adm. Code 4123-5-18(B)(5).
 {¶ 22} Furthermore, the magistrate finds that Dr. Freeman's report is readily understandable. Relator does not assert that Dr. Freeman's report is internally inconsistent nor does he point to any other alleged deficiency in Dr. Freeman's report. Upon review of Dr. Freeman's report, the magistrate finds that the report does constitute "some evidence" upon which the commission could rightfully rely and relator's challenges to that report are not well-taken.
 {¶ 23} Relator also challenges the commission's explanation concerning the interaction of the medical and nonmedical vocational factors. Part of relator's argument centers upon the fact that the commission did not rely upon the vocational report of Mr. Cody. Relator points out that the report of Mr. Cody was the only vocational evidence presented and asserts that the commission was required to accept Mr. Cody's conclusion that relator was permanently and totally disabled based upon the interaction of the medical and nonmedical factors.
 {¶ 24} The Supreme Court of Ohio has stated that the commission has discretion to accept one vocational report while rejecting another vocational report. See State ex rel. Jacksonv. Indus. Comm. (1997), 79 Ohio St.3d 266. Furthermore, inState ex rel. Singleton v. Indus. Comm. (1994),71 Ohio St.3d 117, the court specifically stated that binding the commission to a rehabilitation report's conclusions would make the rehabilitation division, and not the commission, the ultimate evaluator of the disability factors contrary to the mandates ofStephenson.
 {¶ 25} Based upon the above case law, the magistrate finds that relator's argument that the commission was required to accept the vocational opinion of Mr. Cody is not well-taken. Furthermore, upon review of the commission's analysis of the nonmedical disability factors, the magistrate finds the commission's analysis does meet the requirements of Noll and its progeny. First, the commission identified relator's age of 57 years to be an asset which, in the commission's opinion, would enable relator to adapt to new work rules, processes, methods, procedures, and tools involved in a new occupation. Further, the commission specifically found that relator's 12th grade education was an asset which would enable him to learn new skills to perform new occupations. Lastly, the commission found that relator's ability to perform a skilled occupation demonstrates his ability to acquire new skills through training. Based upon relator's age, education, and work history in conjunction with his ability to perform at a sedentary work level, the commission concluded that relator was capable of engaging in some sustained remunerative employment. The magistrate finds that the commission's analysis does meet the requirements of Noll and its progeny as well as Ohio Adm. Code 4121-3-34(D)(3)(a) through (h).
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and relator's request for a writ of mandamus should be denied.