DECISION
{¶ 1} Relator, Mary H. Parker ("relator"), filed this original action requesting issuance of a writ of mandamus directing respondent, Industrial Commission of Ohio ("the commission"), to vacate its order denying her application for permanent total disability *Page 2 
("PTD") compensation, and to issue an order finding that she is entitled to that compensation.
 {¶ 2} We referred this matter to a magistrate pursuant to Rule 12(M) of this court and Civ. R. 53. The magistrate issued a decision dated July 24, 2008 (attached as Appendix A) granting the requested writ in part. Specifically, the magistrate concluded that relator is entitled to a writ of mandamus directing the commission to reconsider her application for PTD compensation after reviewing the medical evidence and evaluating the non-medical disability factors. The commission filed objections to the magistrate's decision, and relator filed a response to those objections.
 {¶ 3} The disagreement between the parties resolves to what "former position of employment" means for purposes of determining whether relator is entitled to PTD compensation. At the time of her industrial injury, relator was employed as a waitress, but after her injury, she worked for a number of years as a receptionist. The commission's Staff Hearing Officer ("SHO") concluded that the medical evidence showed relator was capable of returning to her former employment as a receptionist, and denied PTD compensation on that basis.
 {¶ 4} The magistrate concluded that "former position of employment" has been defined as the position held at the time the employee was injured. Because the commission had not based its decision on the conclusion that relator could return to her former position of employment as a waitress, the magistrate found the commission was required to consider non-medical disability factors before denying PTD compensation, and that its failure to do so was not compliant withState ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. The magistrate thus *Page 3 
concluded that a writ of mandamus should be granted directing the commission to consider whether the medical evidence shows that relator can return to her former position of employment as a waitress and, if not, whether the non-medical factors preclude her from maintaining any sustained remunerative employment.
 {¶ 5} In its objections to the magistrate's decision, the commission argues that it appropriately concluded that relator was not entitled to PTD compensation because her medical restrictions do not prohibit her from returning to the job she had after her injury, thus demonstrating that she is capable of sustained remunerative employment. The commission further argues that the SHO order referring to a former position of employment other than the position she held when her injury occurred is irrelevant, and that reconsideration of the medical evidence and consideration of the non-medical factors would be vain acts given the commission's determination that relator is capable of sustained remunerative employment.
 {¶ 6} The commission argues that "former position of employment" is actually a term of art applicable only to cases involving temporary total disability ("TTD") compensation, and that the SHO's use of the term, while arguably erroneous, should not alter the outcome of this case. However, "former position of employment" is not a term only applicable to TTD cases. Ohio Adm. Code 4121-3-34, which governs consideration of PTD claims, uses the term in a number of places. For example, Ohio Adm. Code 4121-3-34(D)(1)(c), which was the section cited by the SHO, provides that:
 If, after hearing, the adjudicator finds that the injured worker is medically able to return to the former position of employment, the injured worker shall be found not to be permanently and totally disabled. *Page 4 
 {¶ 7} We agree with the magistrate that "former position of employment" for purposes of Ohio Adm. Code 4121-3-34, as with use of the term in TTD cases, refers to the position of employment held at the time the industrial injury occurred. Thus, in this case, the commission was required to consider first whether the medical evidence showed that relator was capable of returning to her former position as a waitress and, if not, whether the non-medical factors showed that relator was capable of sustained remunerative employment as set forth in Ohio Adm. Code 4121-3-34(D)(2), which provides that:
 (a) If, after hearing, the adjudicator finds that the medical impairment resulting from the allowed condition(s) in the claim(s) prohibits the injured worker's return to the former position of employment as well as prohibits the injured worker from performing any sustained remunerative employment, the injured worker shall be found to be permanently and totally disabled, without reference to the vocational factors listed in paragraph (B)(3) of this rule.
 (b) If, after hearing, the adjudicator finds that the injured worker, based on the medical impairment resulting from the allowed conditions is unable to return to the former position of employment but may be able to engage in sustained remunerative employment, the non-medical factors shall be considered by the adjudicator.
 The non-medical factors that are to be reviewed are the injured worker's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record that might be important to the determination as to whether the injured worker may return to the job market by using past employment skills or those skills which may be reasonably developed.
 {¶ 8} Consequently, the commission's objections to the magistrate's decision are overruled. Based on our independent review of the record, the magistrate appropriately found the facts and correctly applied the law. Thus, we adopt the magistrate's decision, *Page 5 
grant relator's request for a writ of mandamus directing the commission to vacate its order denying relator's request for PTD compensation, and remand the matter to the commission for further proceedings on the issue of whether relator is entitled to the requested compensation.
Writ of mandamus granted in part, and matter remanded withinstructions.
 BROWN and TYACK, JJ., concur. *Page 6 
 APPENDIX A
 MAGISTRATE'S DECISION Rendered on July 24, 2008 IN MANDAMUS {¶ 9} Relator, Mary H. Parker, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total *Page 7 
disability ("PTD") compensation, and ordering the commission to grant her that compensation pursuant to State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. Findings of Fact:
 {¶ 10} 1. Relator sustained a work-related injury on December 12, 1974, and her claim has been allowed for "acute myofibrositis of lumbar spine; aggravation of preexisting arthritis of lumbar spine."
 {¶ 11} 2. At the time she was injured, relator was working as a waitress.
 {¶ 12} 3. Initially, relator received conservative medical treatment in the form of injections and physical therapy. However, her low back pain with radiation continued and she underwent a decompressive laminectomy in April 1999.
 {¶ 13} 4. Relator filed an application for PTD compensation in November 2001. Relator's application was supported by the October 21, 2001 report of her treating physician, Peter J. Fagerland, D.C. In that report, Dr. Fagerland indicated that relator continued to suffer from severe low back pain radiating into her right leg despite extensive therapeutic measures. Dr. Fagerland opined that, given relator's subjective complaints of pain, discomfort, and muscle weakness, in addition to the objective findings of muscle spasm, decreased range of motion, loss of muscle strength, and positive orthopedic findings, relator was permanently unable to perform any type of sustained remunerative employment.
 {¶ 14} 5. The commission had relator examined by James T. Lutz, M.D. After providing his physical findings upon examination, Dr. Lutz opined that relator's allowed physical conditions had reached maximum medical improvement, assessed a ten *Page 8 
percent whole person impairment, and concluded that relator was capable of performing work activity at a sedentary level.
 {¶ 15} 6. Relator also submitted the March 26, 2002 vocational report of Jennifer J. Stoeckel, Ph.D., who opined that relator was unable to return to any type of sustained remunerative employment when considering the impairments from her allowed conditions, along with her age, departure from the workforce in 1999, and vocational characteristics such as low average intellectual functioning and predominantly below average work aptitudes. Dr. Stoeckel did note that relator had returned to the workforce following her surgery and worked as a receptionist; however, relator had been unable to return to any gainful employment since her 1999 surgery.
 {¶ 16} 7. An employability assessment report was also prepared by Anthony Stead. In his March 25, 2002 report, Stead noted that relator's current age of 73 was a negative factor when considering reemployment. However, given that relator had a 12th grade education and had prior work experience as a receptionist, Stead opined that relator was capable of returning to some sustained remunerative employment.
 {¶ 17} 8. Relator's application was heard before a staff hearing officer ("SHO") on January 6, 2003 and was denied. The SHO relied upon the report of Dr. Lutz and concluded that relator was capable of performing at a sedentary work level. Thereafter, the SHO considered the vocational factors and stated:
 The Staff Hearing Officer finds that the injured worker's past work history as a receptionist was a sedentary position which required the injured worker to answer phones as well as fax and copy paperwork. The job also required the injured worker to type and take messages and record employee's payroll. This job did not require the injured worker to lift over 10 pounds and involved sitting most of the time at a desk. *Page 9 
 The Staff Hearing Officer finds that this position fits within the restrictions noted by Dr. Lutz as outlined in his 2/19/02 report.
 Therefore, the Staff Hearing Officer finds that the injured worker is medically able to return to her former position of employment and therefore is precluded from receiving Permanent Total Disability benefits, pursuant to OAC 4121-3-34(D)(1)(c).
 {¶ 18} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 20} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, *Page 10 
the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. Gay. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 21} In this mandamus action, relator contends that the commission abused its discretion when it denied her application for PTD compensation "upon the mistaken conclusion that relator could return to her former position of employment as a receptionist." (Relator's brief, at 4.) Relator argues that "former position of employment" is a term of art which applies to temporary total disability and whether an employee can return to the job they were performing at the time of their injury. For the reasons that follow, it is this magistrate's conclusion that this court should grant a writ of mandamus in the present case.
 {¶ 22} At first glance, it might appear that a writ of mandamus is not warranted in this case. After all, following her injury, relator did work for four years as a receptionist. This fact is not disputed and, in fact, relator listed that job on her PTD application. However, in denying relator PTD compensation in the present case, the commission listed only one reason: relator was able to return to her former position of employment. The SHO specifically cited Ohio Adm. Code 121-3-34(D)(1)(c), which provides:
 (D) Guidelines for adjudication of applications for permanent total disability *Page 11 
 The following guidelines shall be followed by the adjudicator in the sequential evaluation of applications for permanent total disability compensation:
 . . .
 [1](c) If, after hearing, the adjudicator finds that the injured worker is medically able to return to the former position of employment, the injured worker shall be found not to be permanently and totally disabled.
 {¶ 23} If an employee can return to their former position of employment, there is no need for the commission to consider the nonmedical disability factors. In fact, in this case, the commission did not consider the nonmedical disability factors at all.
 {¶ 24} Ohio Adm. Code 4121-3-34(D) provides a sequence for the commission to follow in determining whether an application for PTD compensation should be denied or granted. First, Ohio Adm. Code 121-3-34(D)(1)(a) provides that an injured worker will be granted PTD compensation if they meet the definition of statutory permanent and total disability pursuant to R.C. 4123.58(C). Thereafter, the rule goes on to provide that PTD compensation will be denied if: (b) the injured worker is engaged in sustained remunerative employment; (c) the injured worker is medically able to return to their former position of employment; (d) the injured worker voluntarily removed himself from the workforce; (e) the injured worker is offered and refuses to accept a bona fide offer of sustained remunerative employment; (f) the injured worker's allowed medical conditions are temporary and have not reached maximum medical improvement; or (g) the injured worker's age is the sole cause or primary obstacle.
 {¶ 25} A claimant's "former position of employment" has consistently been defined as the job the claimant was performing at the time of the injury. The *Page 12 
commission argues that, in this case, "former position of employment" is analogous to a finding that relator can return to some "sustained remunerative employment." However, the law is clear that where the commission determines that a claimant has the medical capacity to work, the commission is required to analyze the nonmedical disability factors and determine whether or not the claimant can perform some "sustained remunerative employment." Because the commission failed to address the nonmedical disability factors in this case, the commission's order does not comply with the mandates of Stephenson. As such, a writ of mandamus is warranted. However, Gay relief is not appropriate in this case because it is not clear that relator has a clear legal right to an award of PTD compensation.
 {¶ 26} Because the commission only cited Ohio Adm. Code 121-3-34(D)(1)(c), that relator was capable of returning to her former position of employment, when there is no evidence that she can, this court should grant a writ of mandamus ordering the commission to vacate its order denying relator's application for PTD compensation and ordering the commission to reconsider her application after reviewing the medical evidence and evaluating the nonmedical disability factors. *Page 1